WILLIAM STANTON, Plaintiff-Appellant, *v.* THE BOARD OF FIRE AND POLICE COMMISSIONERS OF THE VILLAGE OF BRIDGEVIEW *et al.*, Defendants-Appellees.

First District (2nd Division) No. 61301

Opinion filed February 24, 1976.—Rehearing denied April 19, 1976.

Walter C. Wellman, of Lyons, and Alan Masters, of Summit, for appellant.

Ancel, Glink, Diamond & Murphy, P. C., of Chicago (Marvin J. Glink and Barry S. Shanoff, of counsel), for appellees.

Mr. JUSTICE DOWNING delivered the opinion of the court:

William Stanton (hereinafter plaintiff) appeals the circuit court's affirmance of a decision of the Board of Fire and Police Commissioners of the Village of Bridgeview (hereinafter Board) discharging him from his position as a patrolman for the Bridgeview Police Department based upon charges brought against him by Stanley R. Sarbarneck, Bridgeview Police Chief (hereinafter Chief).

Plaintiff, a member of the Bridgeview Police Department for

approximately five years, was charged by the Chief with 37 violations of the rules and regulations of the Bridgeview Police Department. On July 6, 1973, 32 violations were filed against plaintiff and five additional violations were filed on August 14, 1973. Based on said charges, the Chief requested the Board to take proper action in accordance with the provisions of section 10—2.1—17 of the Municipal Code of Illinois (Ill. Rev. Stat. 1973, ch. 24, par. 10—2.1—17), and rule XV of the rules and regulations of the Bridgeview Police Department:

Section 10—2.1—17 states:

> "Except as hereinafter provided, no officer or member of the fire or police department of any municipality subject to this Division 2.1 shall be removed or discharged except for cause, upon written charges, and after an opportunity to be heard in his own defense."

Rule XV provides:

> "Whenever any officer of the Bridgeview Police Department shall be charged with and found guilty of neglect or failure to observe and obey any of the foregoing rules and regulations or any general order issued by the Chief of Police pursuant hereto, such officer may be suspended, removed, or discharged from the Department, or may suffer such other punishment and sanction as the Chief and/or the Board of Fire and Police Commissioners shall determine and direct, as provided by statute."

Plaintiff, asserting that the charges were vague and that the rules were not valid, moved to strike the charges or in the alternative to require a bill of particulars. Thereafter an oral stipulation was entered into that the plaintiff had been suspended or reprimanded for all the 37 charges, except two which constituted the remaining charges before the Board. These two charges involved being late for duty on June 17, 1973, and failure to appear at a scheduled court appearance on August 6, 1973.

After a hearing the Board found plaintiff guilty of reporting late for duty on June 17, 1973, of failing to appear at a scheduled court appearance on August 6, 1973, and that a suspension or reprimand had been given with respect to the other 35 charges made against plaintiff by the Chief and no proof was necessary as to those charges. Based on these findings the Board found cause to discharge plaintiff from his position as a patrolman and a member of the Police Department of the Village of Bridgeview.

Plaintiff filed a complaint for administrative review of the decision of discharge. On April 10, 1974, the circuit court entered an order finding the Board's ruling of guilty on the charge of failing to appear in court on August 6, 1973, was against the manifest weight of the

evidence and reversed that part of the Board's decision. However, the court affirmed the Board's finding that plaintiff reported late for work on June 17, 1973, and remanded the matter to the Board for the purpose of reconsidering the penalty imposed.

Upon reconsideration the Board reaffirmed the order discharging plaintiff. In the findings of fact and decision on remand, the Board listed each of the charges for which plaintiff had received a prior suspension or reprimand, and made a finding of guilt as to the charge plaintiff reported late for duty on June 17, 1973. The Board ruled the violation of June 17, 1973 alone was sufficient cause to discharge plaintiff, but added that the June 17, 1973, violation in conjunction with the prior offenses was also grounds for discharging plaintiff.

Plaintiff filed a supplemental complaint for administrative review of the Board's decision on remand. The circuit court heard arguments of the parties and affirmed the Board's action discharging plaintiff. Plaintiff appeals raising the principal issue of whether the decision of the Board was against the manifest weight of the evidence.

## I.

■■ The standard of review pursuant to the Administrative Review Act is whether the decision of the Board was contrary to the manifest weight of the evidence. (*Kerr v. Police Board* (1974), 59 Ill. 2d 140, 142, 319 N.E.2d 478; *Basketfield v. Police Board* (1974), 56 Ill. 2d 351, 358, 307 N.E.2d 371.) Where there is not sufficient evidentiary support for the agency's determination, the courts must grant relief. See *Basketfield*, at 359; *Fantozzi v. Board of Fire & Police Commissioners* (1963), 27 Ill. 2d 357, 361, 189 N.E.2d 275.

We must determine if the Board's finding that plaintiff was guilty of reporting late for duty in violation of general order 71-10 and rules of the department was against the manifest weight of the evidence. General order 71-10 required all police personnel to report for duty 15 minutes prior to the starting time. Special order 72-29, issued in July 1972, set forth the procedure to be followed when an officer reports late for duty. The officer and his watch commander are instructed to submit a "To-From" form to the Chief, and the Chief and watch commander decide whether the officer had a valid and excusable reason for being late. If a proper excuse is lacking, the officer may be docked four hours' pay if he was less than an hour late, or a full day's pay if he was more than an hour late.

In the case at bar plaintiff admits being 8-10 minutes late due to mechanical difficulties with his car. He submitted the following "To-From" form:

"To: Chief S. R. Sarbarneck          17 June, 1973
From: Ptlm. Wm. Stanton # 105
Subject: Late For Duty
  1. On 79th St. the undersigned hit a water puddle and by the time the undersigned got the jeep running again, the undersigned was late as a result.
  2. This occurred on the way to 12-8 shift date.
Ptlm. Wm. Stanton (signed.)"

Plaintiff testified he was not disciplined on the evening in question but was told to report to duty. There is no indication in the record that any determination was made by the Chief and watch commander that plaintiff's explanation was or was not a valid and excusable reason for being late. Neither the Chief nor the watch commander testified at the administrative hearing. While the Chief may not have accepted plaintiff's explanation, there is no evidence in the record regarding the matter. No evidence (other than the prior charges) was introduced to cast doubt on the truth of the statements made by plaintiff.

It was stipulated at the original hearing that if the Chief appeared he would testify that in his opinion the charges against plaintiff (all of the charges in the July 6, 1973, and August 14, 1973, complaints) constitute a substantial shortcoming which would render plaintiff's continuance in office as a patrolman detrimental to the discipline of the department and the efficiency of the police force, and in his judgment constitute reason for discharging plaintiff. This stipulation concerned the Chief's opinion based on the present charge as well as the prior charges for which plaintiff had already been disciplined. This stipulation did not go to whether plaintiff was guilty of reporting late for duty on June 17, 1973, or whether his explanation constituted a "valid and excuseable [sic] reason for being late." The prior charges, while indicative of prior poor performance, may not be used to establish that plaintiff was guilty of the present charge.

The procedure set forth in general order 72-29 indicates an officer will not be disciplined if he presents a valid and excusable reason for reporting late for duty. If plaintiff has a right under general order 72-29 to have his excuse considered before being docked four hours' pay, he surely must have a similar right prior to being discharged. The departmental rules and regulations do not specifically provide an opportunity to present a defense, but they do provide an officer may only be discharged pursuant to statute. The statute requires the officer be given a hearing on written charges. If that hearing is to have any meaning he must be allowed to have his defense to those charges considered.

■■ There is no evidence in the record to show plaintiff's explanation for being late was not valid or believable. While the decision of the administrative body is prima facie true, evidence must appear in the record to support that decision. Since defendants presented no evidence refuting the truth or validity of plaintiff's explanation, and on its face that explanation appears to be a valid and excusable reason for being late, we hold the decision of the Board discharging plaintiff on the basis of this charge was arbitrary and capricious against the manifest weight of the evidence.

## II.

In view of our action, the other issues raised by the plaintiff in this appeal will not be considered.

■■ Therefore we find that the findings of the Board of Fire and Police Commissioners of the Village of Bridgeview was against the manifest weight of the evidence, and the judgment of the circuit court of Cook County affirming that decision is reversed and remanded for proceedings consistent with the views expressed herein.

Judgment reversed and remanded.

STAMOS, P. J., and HAYES, J., concur.