RONALD ALLMAN, Appellant, v. THE POLICE BOARD OF THE CITY OF CHICAGO, Appellee.

First District (2nd Division)   No. 85—0263

Opinion filed March 11, 1986.

Thomas J. Royce, of Chicago, for appellant.

James D. Montgomery, Corporation Counsel, of Chicago (Mary Kay Rockford and Joseph A. Moore, Assistant Corporation Counsel, of counsel), for appellee.

JUSTICE STAMOS delivered the opinion of the court:

After the police board of the city of Chicago found that the plaintiff police officer had violated several departmental rules, and

ordered him discharged, the trial judge upheld those findings and the discharge order on administrative review. The plaintiff now has appealed that ruling, contending first that one of the board's findings of fact was against the manifest weight of the evidence, and second that the board's findings did not provide sufficient cause to warrant his dismissal from the police department.

The plaintiff does not contest the board's findings that on December 29, 1981, he disobeyed general departmental rules and orders by carrying a firearm while consuming alcoholic beverages during nonduty hours, possessing an unregistered firearm, and being intoxicated at a police station. However, he questions the finding that he unnecessarily displayed or pointed a firearm at several people, and so violated a departmental rule against the unlawful or unnecessary display of a weapon.

At the police board hearing, the plaintiff testified that on the afternoon of December 29, 1981, he went to two Chicago taverns. At the second bar, another patron argued with him, became "very belligerent," reached inside the plaintiff's coat into his snapped holster, removed the gun, and pointed it at him. The plaintiff then was hit on the head from behind by someone else and lost consciousness. The plaintiff also admitted that in 1978 he was suspended for using unnecessary force in attempting to make an arrest. The bar owner stated that after the two men argued and the plaintiff, who had been drinking, shoved the other man, she saw the plaintiff waving the gun in the air until, in a struggle involving several men, someone hit the plaintiff and grabbed the gun; the plaintiff then fell and hit his head. Another patron of the bar testified that after the plaintiff, who was "drunk," argued with another man, he saw the other man holding the gun by its barrel and saying to the plaintiff, "If you ever point that at me—Don't ever point that at me." After reviewing the board's findings and order, the trial judge stated that he could not "say that the decision *** is contrary to the manifest weight of the evidence and contrary to the law," and upheld the administrative decision.

■ Initially, we do not agree with the plaintiff that the board's finding that he unnecessarily displayed his weapon at the bar was against the manifest weight of the evidence. It is true that the plaintiff himself testified that he never pointed the gun at anyone, and that another man took the weapon out of his holster and in fact pointed it at him. It is also true that neither the bar owner nor the other bar patron who testified said that they actually saw the plaintiff pointing his gun at anyone. However, the bar owner stated re-

peatedly and unequivocally that she saw the plaintiff waving the gun in the air, and the other patron's testimony clearly tended to corroborate her account of what occurred, rather than the plaintiff's version. Under these circumstances, we do not believe that the trier of fact's resolution of the partially ambiguous and conflicting testimony here, with the inference that the plaintiff did unnecessarily "display" or "point" his gun at one or more of the other patrons of the tavern, was against the manifest weight of the evidence. See *Everly v. Chicago Police Board* (1983), 119 Ill. App. 3d 631, 456 N.E.2d 992; *cf. Tinner v. Police Board* (1978), 62 Ill. App. 3d 204, 378 N.E.2d 1166.

■ Second, we believe that the police board's findings of fact provided a sufficient basis to warrant a discharge for cause. Here, the record clearly indicates that the plaintiff previously had been suspended for using unnecessary force in attempting to make an arrest. The plaintiff does not contest, and the record undeniably supports the board's findings, that he violated several departmental rules and orders by possessing an unregistered firearm, carrying it while consuming alcoholic beverages during nonduty hours, and being intoxicated at a police station. We have concluded that the board's finding that he also unnecessarily displayed or pointed the weapon was supported by the manifest weight of the evidence. And we are not persuaded by the plaintiff's claims on appeal that he made a good faith effort to register the gun; he was somehow less culpable because he did not intend to drink when he left home on the day of the incident at the bar; his behavior was not impaired by the alcohol he had consumed; he was not on duty when the incident occurred; he did not actually fire his weapon and injure anyone; he allegedly was an alcoholic who later began undergoing treatment; and he was a 23-year veteran with numerous commendations. That the plaintiff may have made a good faith effort to register the firearm would to some extent mitigate the seriousness of that particular rule violation, and his length of service and prior commendations clearly are in his favor. However, the fact that he did not intend to go to a bar when he left home with his revolver is of no consequence here, and the argument that his behavior was not impaired by his drinking flies in the face of the stipulated testimony as to his alcohol blood level. That the incident here occurred when he was off duty does not relieve the plaintiff from the consequences of his actions (see *Carrigan v. Board of Fire & Police Commissioners* (1984), 121 Ill. App. 3d 303, 459 N.E.2d 659), and the fact that the gun did not discharge and hurt anyone might well have been purely

fortuitous. Additionally, we would be more prone to find the alleged alcoholism relevant .here if he had been on medical suspension for treatment of that problem at the time of this misconduct. See *Walsh v. Board of Fire & Police Commissioners* (1983), 96 Ill. 2d 101, 449 N.E.2d 115.

■■ An administrative tribunal's finding of "cause" for discharge is entitled to considerable deference and is to be overturned only if it is arbitrary and unreasonable or unrelated to the requirements of the service. Here, the police officer had received an apparently lengthy prior suspension. His possession of an unregistered firearm demonstrated a lack of respect for the law particularly inappropriate in a police officer, and his public intoxication while carrying a revolver was a serious and potentially dangerous offense undermining public confidence in the judgment and intelligence of law enforcement officers. Further, for a police officer to act recklessly in displaying a gun in a way that obviously and unjustifiably threatens members of the public is utterly inexcusable. Under these circumstances, we cannot conclude that the offenses here were not so grave as to warrant the board's decision of discharge for cause. See *Walsh v. Board of Fire & Police Commissioners* (1983), 96 Ill. 2d 101, 449 N.E.2d 115; *Sutton v. Civil Service Com.* (1982), 91 Ill. 2d 404, 438 N.E.2d 147; *Mihalopoulos v. Board of Fire & Police Commissioners* (1978), 60 Ill. App. 3d 590, 376 N.E.2d 1105. *Cf. Caliendo v. Goodrich* (1976), 34 Ill. App. 3d 1072, 340 N.E.2d 560.

Affirmed.

SCARIANO* and BILANDIC, JJ., concur.

---

*Justice Perlin participated in the above entitled cause prior to his retirement. Since that time Justice Scariano was designated the third member of the panel and has read the briefs.