DONALD SIER, Plaintiff-Appellant and Cross-Appellee, v. THE BOARD OF FIRE AND POLICE COMMISSIONERS OF THE CITY OF PEORIA et al., Defendants-Appellees and Cross-Appellants.

Third District   No. 3—86—0489

Opinion filed July 17, 1987.

Thomas F. McGuire, of Thomas F. McGuire & Associates, Ltd., of Long Grove, for appellant.

Glen H. Collier, of Jackson, Mitchell & Collier, of Peoria, for appellees.

· JUSTICE WOMBACHER delivered the opinion of the court:

The defendant board of fire and police commissioners of the city of Peoria (board) found the plaintiff police officer, Donald Sier, guilty of two counts of misconduct and suspended him for 30 days in addition to the 61 days which he had been suspended pending the hearing. The circuit court affirmed the guilty findings, but held that Officer Sier could not be suspended for more than 30 days pending his hearing and 30 days after the hearing. The court then ordered the board to reimburse Officer Sier for the salary he had lost during the time he was improperly suspended. The officer appeals the affirmation of his guilt.

The board cross-appeals the court's finding that it could not suspend Officer Sier for more than 30 days prior to his hearing.

Officer Sier was charged with (1) physically abusing a prisoner in his custody; (2) violating custodial responsibilities to a prisoner in his custody by failing to take the prisoner to a hospital for examination when it appeared that the prisoner was unconscious from the consumption of alcohol; and (3) falsifying a departmental record by stating in his report of the incident that the prisoner was conscious and attempting to strike him in the testicles when he dropped the prisoner.

The record shows that Officer Sier and another police officer carried a prisoner up a ramp to the receiving door of the Peoria County jail. Upon being told that the prisoner would not be admitted if he was unable to stand or walk on his own, Officer Sier released the prisoner, letting him drop to the ramp, where he struck his head on the floor. Officer Sier then kicked the prisoner three or four times and pulled the prisoner to his knees by his hair. In his report of the incident, Sier stated that the prisoner was conscious and swinging his arms in an attempt to hit the officer in the groin.

Officer Sier admits that these events transpired, but explains that (1) sudden, severe lower back pain caused him to drop the prisoner; (2) the prisoner was, in effect, resisting arrest and the officer was using reasonable police tactics for stimulating and controlling a prisoner when he prodded him with his foot and held him by his hair; and (3) his report was accurate. Officer Sier's physician testified that at the time of the incident, the officer had back problems which could have caused him to drop the prisoner. A police officer and an associate professor at the University of Illinois Police Training Institute testified that prodding a prone subject is an acceptable method of ascertaining whether the subject is conscious and grabbing a person's hair is an acceptable means of controlling or directing him.

A police investigator who had interviewed Officer Sier just after the incident testified that Sier stated he became upset and angry when the jailers would not admit the prisoner and that he dropped the prisoner on purpose. Another police officer testified that he also heard Officer Sier admit dropping the prisoner on purpose. The record shows that Sier did not mention his alleged back pain in his original report, but filed a supplemental report some 6½ hours later, alleging the pain.

Two eyewitnesses to the incident, both police officers, testified that the prisoner was unconscious throughout the incident. They stated that Sier did not control or direct the prisoner by his hair, but picked him up by his hair. Further, they said Officer Sier did not just prod the prisoner with his foot, but kicked him hard enough to move

his limp body.

Following a hearing, the board found that Officer Sier had physically abused the prisoner and falsified a departmental report. The board further found that there was insufficient evidence to show that Officer Sier had violated his custodial responsibilities to a prisoner. As punishment, the board suspended Officer Sier for 30 days in addition to the 61 days he had already been suspended pending the conclusion of his hearing.

The circuit court affirmed the board's findings regarding the officer's misconduct. The court held, however, that the board could not suspend Officer Sier for more than 30 days pending his hearing and 30 days after his hearing.

On appeal to this court, Officer Sier argues that the board's decision was against the manifest weight of the evidence. Essentially, he contends that neither of the eyewitnesses testified to his state of mind or motivation; that his actions were proper police procedures; and that poor visibility, along with one eyewitness' inaccurate statement that the prisoner was handcuffed, rendered questionable both eyewitnesses' testimony that the prisoner did not swing his arms.

■■ The findings and conclusions of an administrative agency on questions of fact are considered *prima facie* true and correct. (Ill. Rev. Stat. 1985, ch. 110, par. 3—110.) If an issue is merely one of conflicting testimony and credibility of the witnesses, the administrative determination should be sustained. (*Batley v. Kendall County Sheriff's Department Merit Com.* (1981), 99 Ill. App. 3d 622, 425 N.E.2d 1201.) A board's decision will be overturned only where it is contrary to the manifest weight of the evidence. *Stanton v. Board of Fire & Police Commissioners* (1976), 37 Ill. App. 3d 108, 345 N.E.2d 822.

■ In the instant case, the board had sufficient evidence before it to find that Officer Sier had committed the alleged violations. Two eyewitnesses testified that Sier dropped, kicked and picked up by the hair an unconscious prisoner. Two other officers testified that Sier admitted that he purposely dropped the prisoner in anger. While this evidence conflicted with Officer Sier's testimony that he dropped the prisoner because of back pain and used proper police tactics in handling the conscious prisoner, the board was not obligated to believe Sier. Sier's actions immediately after dropping the prisoner, statements to the investigating officer, and failure to mention any back pain in his original report belie his claim of back pain. The amount of force he used on the prisoner and the prisoner's unconscious state, as reported by the eyewitnesses, refute Sier's proper tactics and swinging arms arguments. Given the evidence present in the record, we find that the circuit

court's decision in affirming the board was not against the manifest weight of the evidence.

In its cross-appeal, the board argues that the circuit court erred in finding that Officer Sier could not be suspended for more than 60 days. The statute in question provides, *inter alia*:

> "The board of fire and police commissioners shall conduct a fair and impartial hearing of the charges, to be commenced within 30 days of filing thereof, which hearing may be continued from time to time. In case an officer or member is found guilty, the board may discharge him, or may suspend him not exceeding 30 days without pay. The board may suspend any officer or member pending the hearing with or without pay, but not to exceed 30 days." Ill. Rev. Stat. 1985, ch. 24, par. 10—2.1—17.

■ Our research has revealed no Illinois cases on point with this issue. *Olschock v. Village of Skokie* (N.D. Ill. 1976), 411 F. Supp. 257, cited by the board, and *Martich v. Ellis* (1981), 100 Ill. App. 3d 1098, 427 N.E.2d 876, cited by Officer Sier, involved distinguishable facts and issues. It is well established, however, that where the intention of the legislature is clearly expressed, the plain meaning of the statute must be given effect. *Finley v. Finley* (1980), 81 Ill. 2d 317, 410 N.E.2d 12.

■ In the present case, the legislature stated quite clearly that a board may not suspend any officer for more than 30 days pending his hearing. Nothing in the statute supports the board's position that the officer automatically waives this limitation if he agrees to postpone his hearing date past 30 days from the filing of charges against him. Further, the board's suggestion that an officer can be suspended for multiple 30-day periods pending his hearing renders the statutory 30-day limitation completely meaningless. An interpretation which nullifies, explains away, or renders insignificant the words being construed should be avoided if possible. *City of Champaign v. Hill* (1961), 29 Ill. App. 2d 429, 173 N.E.2d 839.

■ We find no reason to nullify the legislature's 30-day limitation, which we find quite clear. We therefore hold that the circuit court correctly determined that the board could only suspend Officer Sier for 30 days pending his hearing and 30 days after the hearing.

The judgment of the circuit court of Peoria County is affirmed.

Affirmed.

BARRY, P.J., and STOUDER, J., concur.