ANNE RUSSELL, Plaintiff-Appellant, v. COOK COUNTY SHERIFF'S MERIT BOARD *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—88—2085

Opinion filed March 30, 1990.

Richard F. McPartlin, of Chicago, for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Joan S. Cherry, Myra J. Brown, and M. Anne Gavagan, Assistant State's Attorneys, of counsel), for appellees.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff-appellant, Anne Russell (Russell), brought an administrative review and declaratory judgment action in the circuit court. Herein, Russell appeals the circuit court's affirmance of her demotion and suspension and its ruling that the sheriff of Cook County had the power and authority to suspend her from September 26, 1986, until the disposition of the charges before the merit board and that she was not entitled to recover her salary from September 26, 1986, until December 10, 1987.

The facts revealed during the administrative hearing were as follows. On September 19, 1978, Russell was appointed as an employee of the Cook County Department of Corrections. A November 4, 1985, incident precipitated the filing of the original complaint on September 11, 1986, ten months after the incident. The sheriff of Cook County, Richard J. Elrod, suspended Russell commencing September 26, 1986, until disposition of her case before the merit board. The charges in the original complaint allege that Russell was indicted on two counts of battery and two counts of official misconduct.

The matter was called for hearing on October 15, 1986, and on

the State's Attorney's motion, the hearing was continued generally, pending the outcome of the aggravated battery charge filed against Russell in the criminal court of Cook County. On March 12, 1987, Russell was found not guilty in the criminal matter. On April 2, 1987, Russell filed a motion to dismiss the complaint. The amended complaint filed on April 8, 1987, states that on November 4, 1985, Russell participated with others in the beating of an inmate. The hearing before the merit board commenced September 22, 1987.

On December 10, 1987, the merit board issued its order reducing Russell's rank from correctional lieutenant to sergeant and suspending her for six months until May 23, 1988. As of September 26, 1986, Russell earned $2,064 per month as correctional lieutenant.

■■ Russell first asserts that the merit board had no authority to impose both a demotion and suspension and that the trial court erred in affirming that decision. We find that the merit board has the authority to impose both a suspension and a demotion.

The relevant statutory provisions of "An Act in relation to the Cook County Sheriff's Merit Board" provide as follows:

"61. Disciplinary measures

§11. Disciplinary measures prescribed by the Board may be taken by the sheriff for the punishment of infractions of the rules and regulations promulgated by the Board. Such disciplinary measures may include suspension of any deputy sheriff in the County Police Department, any full-time deputy sheriff not employed as a county police officer or county corrections officer and any employee in the County Department of Corrections for a reasonable period, not exceeding 30 days, without complying with the provisions of Section 12 hereof." Ill. Rev. Stat. 1987, ch. 125, par. 61.

"62. Removal, demotion or suspension—Procedure

§12. Except as is otherwise provided in this Act, no deputy sheriff in the County Police Department, no full-time deputy sheriff not employed as a county police officer or county corrections officer and no employee in the County Department of Corrections shall be removed, demoted or suspended except for cause, upon written charges filed with the Board by the Sheriff and a hearing before the Board thereon upon not less than 10 days' notice at a place to be designated by the chairman thereof. *** If the charges against an accused deputy sheriff are established by a preponderance of evidence, the Board shall make a finding of guilty and order either removal, demotion, suspension for a period of not more than 180 days, or such

other disciplinary punishment as may be prescribed by the rules and regulations of the Board which, in the opinion of the members thereof, the offense merits." Ill. Rev. Stat. 1987, ch. 125, par. 62.

"56. Rules, regulations and procedures—Rank

§6. Pursuant to recognized merit principles of public employment, the Board shall formulate, adopt, and put into effect rules, regulations and procedures for its operation and the transaction of its business." Ill. Rev. Stat. 1987, ch. 125, par. 56.

Rules and Regulations, article VIII, paragraphs A(2) and B, provide:

"A(2) The Sheriff or his designated representative may suspend for a period of time in excess of thirty days any Police Officer of the Cook County Sheriff's Police Department, any employee of the Department of Corrections or any full-time Deputy sheriff who has completed his probation, provided charges against that person have been filed with the Board and pending the decision of the Board on those charges. Such suspension may be ordered only if the employee has had an opportunity to respond to the Sheriffs decision.

B. The Board, after the hearing upon written charges as prescribed by Illinois Revised Statutes, Chapter 125, if it shall make a finding of guilty, may order any of the following disciplinary measures which, in the opinion of the Board the offense merits:

1. Discharge and removal.
2. Reduction in rank.
3. Suspension for a period not to exceed a total of 180 days in any twelve-month period."

Section 12 provides, in pertinent part, that if the charges against an accused deputy sheriff are established by a preponderance of evidence, the board shall make a finding of guilty and order either removal, demotion, suspension for a period of not more than 180 days, or such other disciplinary punishment as may be prescribed by the rules and regulations of the board which, in the opinion of the members thereof, the offense merits. This language does not limit the board's disciplinary powers to either removal, demotion or suspension. Rather, this provision specifically provides for the imposition of such other disciplinary measures as may be prescribed by the board's rules and regulations. Importantly, the statute specifies that the rules and regulations may provide for disciplinary measures which in the opin-

ion of the members of the offense merits. Clearly this language enables the board to address certain offenses with other measures in addition to merely suspension, demotion and removal.

The board's rules, regulations and procedures provide in pertinent part that, after hearing and if the board enters a finding of guilty, it may order any of the following disciplinary measures which in the board's opinion the offense merits: (1) discharge and removal; (2) reduction in rank; (3) suspension for a period not to exceed a total of 180 days in any 12-month period.

The operative terms here are that the board *may* order *any* of the following measures which in the board's opinion the offense merits. The language grants the board the flexibility to fashion the appropriate punishment which an offense merits. Parenthetically, we note that this interpretation serves to benefit the more serious deputy sheriff offender, so that instead of being removed from the position, he or she may be demoted and suspended.

Accordingly, we affirm the trial court's interpretation that the merit board has the authority to order a suspension and demotion when in the opinion of the board the offense merits it. While we hold that the merit board has this authority, we find for the reasons outlined below, that the length of suspension imposed was improper.

Russell argues that her 439-day suspension, from September 26, 1986, until December 10, 1987, was impermissible given the provisions of section 12, which limit the period of suspension to not more than 180 days. The pertinent statutory language provides that "the Board shall make a finding of guilty and order either removal, demotion, suspension for a period of not more than 180 days, or such other disciplinary punishment as may be prescribed by the rules and regulations." Ill. Rev. Stat. 1987, ch. 125, par. 62.

We strictly construe this language and interpret it to mean that after a finding of guilt, a suspension for a period of not more than 180 days may be imposed. Accordingly, we find that the suspension of Russell from September 26, 1986, until May 23, 1988, violates and circumvents the statute. (*Sier v. Board of Fire & Police Commissioners* (1987), 157 Ill. App. 3d 1097, 1101, 510 N.E.2d 633, 635.) Moreover, the imposition of the demotion and the lengthy suspension was unreasonable. *Sier*, 157 Ill. App. 3d 1097, 510 N.E.2d 633.

This interpretation is consistent with the board's regulation which requires that the period of suspension not exceed a total of 180 days in any 12-month period. Beginning September 26, 1986, to September 26, 1987, Russell was suspended for 12 months of the 12-month period. Deference must be given to the agency's interpretation of its own

rules; the reviewing court will not overrule the agency's construction unless it is unreasonable. (*Brown v. Sexner* (1980), 85 Ill. App. 3d 139, 148, 405 N.E.2d 1032, 1089.) Here, the interpretation of the statute and regulations as authorization of the 439-day suspension from September 1986 until December 1987 is unreasonable given the limitation of one 180-day suspension per 12-month period. Moreover, the punishment of demotion and suspension from September 1986 until May 1988 is unreasonable under *Sier*. 157 Ill. App. 3d 1097, 510 N.E.2d 633.

The merit board's order stated that the inmate, Keriena Kyles, was hit and abused while in the care and custody of certain Department of Corrections officers, including Russell, but that the "testimony was contradictory and inconsistent with regard to who *** actually hit and struck Keriena Kyles and whether such blows were retaliatory or initiated by Department of Corrections personnel." The merit board further found that Russell was the senior officer in charge and the supervisor of all of the officers present and failed to properly control her personnel, report the incident and prevent physical abuse to Kyles. In addition, the merit board found that Kyles clearly provoked and incited the Department of Corrections personnel, including Russell, by verbal abuse and physical acts of resistance and abuse on the officers and Russell, but that such provocation did not excuse or justify the improper physical abuse inflicted by the Department. In conclusion, the board found that Russell struck Kyles but made no finding as to whether the striking was initiated by Russell or retaliatory in nature.

In *Sier*, two eyewitnesses, both police officers, testified that the prisoner was unconscious throughout the incident and that Sier dropped the inmate to the ramp, causing him to strike his head, kicked him three or four times, and picked the inmate up by his hair. (*Sier*, 157 Ill. App. 3d at 1099.) Sier received a 30-day pre-hearing and a 30-day post-hearing suspension, rather than discharge.

Nonetheless, where an officer is partially or primarily responsible for the delay or consents to a delay in the proceedings, delay so occasioned cannot be relied on as error. (*Brown v. Sexner* (1980), 85 Ill. App. 3d 139, 151, 405 N.E.2d 1082, 1091.) Russell not only acquiesced in the continuance of the merit board hearing pending the outcome of the criminal charges, but also endeavored to benefit from the delay with the filing of the motion to dismiss based upon the finding of not guilty of the criminal charges.

The State, however, made motions for continuances from June 8, 1987, until August 10, 1987. The hearing officer ordered that the

complaint would be dismissed and an order entered directing Russell to return to work if the State did not comply with discovery and set a hearing date on or before August 24, 1987.

■■ Given the aforementioned delay attributable to both parties and the 180-day statutory limitation, we modify the suspension order such that the period of suspension extends 180 days from June 9, 1987, until December 10, 1987. We affirm the trial court's order upholding the suspension and demotion. We modify the trial court's ruling that the sheriff of Cook County had the power and authority to suspend Russell pending the merit board hearing to state that the power and authority to suspend is limited to 180 days. Additionally, we affirm the ruling that Russell was not entitled to recover her salary from September 26, 1986, to December 10, 1987. We find that the suspension from December 10, 1987, until May 23, 1988, was in violation of State statute and should be revoked. The matter is remanded to the trial court for further proceedings consistent with this opinion.

Affirmed in part; reversed in part, modified and remanded.

WHITE and FREEMAN, JJ., concur.