CHARLES YEKSIGIAN, Appellee, v. THE CITY OF CHICAGO, Appellant.

First District (1st Division)   No. 1—90—0786

Opinion filed June 8, 1992.

Kelly R. Welsh, Corporation Counsel, of Chicago (Frederick S. Rhine, Assistant Corporation Counsel, of counsel), for appellant.

William T. Huyck, of Chicago, for appellee.

JUSTICE MANNING delivered the opinion of the court:

This case was brought by petitioner-appellee under the common law writ of *certiorari* challenging the decision of the personnel board of the City of Chicago (hereafter Board), and the City of Chicago (hereafter City), to discharge him from employment with the Department of Aviation for striking his supervisor with a clipboard and then running over the supervisor's foot with a truck. The trial court held that the Board's findings were against the manifest weight of the evidence and found the sanction to be arbitrary, capricious, and unreasonable. The court reversed the decision of the Board, and the City brought this appeal.

On appeal, the City contends that: (1) petitioner's writ of *certiorari* was untimely; (2) the Board's findings of fact were proper and supported by the manifest weight of the evidence; and (3) the Board's findings of fact properly constituted "cause" for the discharge.

The incident giving rise to this case occurred on August 29, 1988. At the time, petitioner was employed by the City as a career service employee in the position of electrical mechanic at O'Hare Airport and had been employed by the City continuously since 1962. Frank Guzzo held the position of "person in charge" of the electrical mechanics on the day shift and purportedly was petitioner's immediate supervisor.

Frank, petitioner and the other electrical mechanics worked out of the RB-40 or H&R building at O'Hare. On the day in question, an altercation occurred at the jobsite between petitioner and Frank. Thereafter Frank filed two criminal charges against petitioner in which the jury acquitted petitioner of both charges.

On October 17, 1988, the commissioner of the Department of Aviation sent petitioner a "Statement of Charges and Explanation of Evidence" to which petitioner filed a written response. The commissioner then sent petitioner a letter of termination of employment on February 7, 1989, and petitioner filed an appeal with the Board. The Board held a hearing on April 17, 1989, and on June 5, 1989, issued an opinion denying petitioner's appeal.

Thereafter, on August 7, 1989, petitioner filed a complaint in the circuit court for writ of *certiorari* alleging that "the decision of the Personnel Board was arbitrary and capricious, against the manifest weight of the evidence, and contrary to the governing law and regulations." Petitioner then filed an amended complaint for writ of *certiorari*. Following a hearing on the amended complaint, the circuit court reversed the decision of the Board.

On appeal, the City initially questions whether petitioner's complaint for writ of *certiorari* was timely filed; however, it did not raise the argument of timeliness of the complaint in the circuit court. It now alleges that petitioner's complaint was untimely because it was not filed within the 35-day period as provided by the Administrative Review Law (ARL) (Ill. Rev. Stat. 1989, ch. 110, par. 3—103). The City contends that the period established by the ARL should also apply to common-law *certiorari* proceedings since such proceedings today are conducted in the same manner as proceedings under the ARL. (See *Dubin v. Personnel Board* (1989), 128 Ill. 2d 490, 498, 539 N.E.2d 1243.) It requests this court to remand the cause to the circuit court with instructions to dismiss the complaint as untimely or, in the alternative, to hold prospectively that the 35-day requirement applies to *certiorari* cases.

■ The City did not previously raise this argument in the court below. However, it correctly assesses that the filing requirement in administrative review is jurisdictional, and thus the issue cannot be waived. *Lockett v. Chicago Police Board* (1990), 133 Ill. 2d 349, 354-55, 549 N.E.2d 1266.

■ Section 3—102 of the ARL provides, in pertinent part, that:

"Article III [the Administrative Review Law] of this Act shall apply to and govern every action to review judicially a final decision of any administrative agency where the Act creating or

conferring power on such agency, by express reference, adopts the provisions of Article III of this Act or its predecessor, the Administrative Review Act. In all such cases, any other statutory, equitable or common law mode of review of decisions of administrative agencies heretofore available shall not hereafter be employed." (Ill. Rev. Stat. 1989, ch. 110, par. 1—102.)

It is well settled that decisions of the Board, such as the one in the instant case, are reviewable through the common-law writ of *certiorari*. See *Smith v. Department of Public Aid* (1977), 67 Ill. 2d 529, 541, 367 N.E.2d 1286; *Nowicki v. Evanston Fair Housing Review Board* (1975), 62 Ill. 2d 11, 338 N.E.2d 186; *Meylor v. Boys* (1981), 101 Ill. App. 3d 148, 150, 427 N.E.2d 1023.

Accordingly, we hold that petitioner's complaint was timely filed pursuant to the six-month requirement for filing a writ of common-law *certiorari*. Moreover, this court is without authority to create a new filing period, even assuming the validity of City's argument in reliance on *Dubin* (128 Ill. 2d 490, 539 N.E.2d 1243).

The City next contends that it was error for the trial court to overturn the Board's decision and "reweigh the evidence." (*Collura v. Board of Police Commissioners* (1986), 113 Ill. 2d 361, 372, 498 N.E.2d 1148.) We agree.

■ Judicial review of an administrative decision to discharge an employee is a two-step process. First, the court must determine whether the agency's findings of fact are against the manifest weight of the evidence, and agency findings are considered *prima facie* true and correct. (See Ill. Rev. Stat. 1989, ch. 110, par. 1—110; *Collura*, 113 Ill. 2d at 372.) Second, the court must determine whether the findings of fact constitute "cause" for the discharge. See *Department of Mental Health & Developmental Disabilities v. Civil Service Comm'n* (1981), 85 Ill. 2d 547, 550-51, 426 N.E.2d 885.

■ With respect to the first step, it is well settled that if there is evidence in the record that supports an administrative agency's decision, that decision is not contrary to the manifest weight of the evidence and must be sustained on judicial review (*Fagiano v. Police Board* (1984), 123 Ill. App. 3d 963, 974, 463 N.E.2d 845), unless the opposite conclusion is clearly evident (*O'Boyle v. Personnel Board* (1983), 119 Ill. App. 3d 648, 653, 456 N.E.2d 998) and no rational trier of fact, viewing the evidence in the light most favorable to the agency, could have agreed with the agency's determination. See *Fairview Haven v. Department of Revenue* (1987), 153 Ill. App. 3d 763, 770, 506 N.E.2d 341.

In the present case, several witnesses testified that on August 29,

1988, they observed petitioner walk into the building and search for the clipboard containing his time sheet. They further observed him attempt to reach for the clipboard, which was on Frank's desk. Either no or very little conversation ensued between the men at this time. However, it is apparent that some grappling for the clipboard occurred when petitioner tried to take it from Frank's desk while Frank attempted to hand petitioner an envelope and hold onto the clipboard.

Frank testified that petitioner hit him in the face and injured his tooth. Frank also testified that petitioner then ran out of the building and jumped into his truck. When Frank called the police, he was told to have petitioner stay on the premises. He then ran after petitioner. Petitioner, however, did not stop, but ran the truck over Frank's foot, causing injury to his toes. Petitioner denied hitting Frank in the face with the clipboard, explaining that he only grazed the top of Frank's head as he pulled it away. Petitioner also presented testimony that Frank provoked and staged the incident in an effort to have him discharged. During the administrative hearing, several other witnesses testified that petitioner hit Frank in the face with the clipboard.

Following the hearing, the hearing officer recommended that the Department of Aviation's decision of discharge be sustained. The Board accepted this recommendation. Yet, the trial court overturned the Board's decision on the basis that there were discrepancies in the testimony of most of the "disinterested witnesses."

The trial court observed that someone testified that the rear wheels went over Frank's foot, while another said that it was the front wheels. However, because the testimony of the witnesses turned on the basis of credibility or because the court would have resolved conflicts in the testimony differently are insufficient grounds for a reviewing court to reverse the administrative findings. To the contrary, where credibility or conflicting testimony is the issue, the decision of the Board must be sustained. *Sier v. Board of Fire & Police Commissioners* (1987), 157 Ill. App. 3d 1097, 1100, 510 N.E.2d 633.

We have reviewed the evidence presented during the administrative hearing and find ample evidence in the record to support the Board's decision. We find it was error for the trial court to reverse the Board's decision where the evidence in issue concerned either the conflicting accounts given in the testimony or turned on the credibility of the witnesses. Accordingly, we now reverse the trial court's decision and reinstate the Board's decision on the basis that it cannot be said that the Board's findings of fact were against the manifest weight of the evidence.

The second step concerns whether the findings of fact constitute

cause for discharge. It is well settled that considerable deference should be accorded the administrative agency's finding that cause exists for the employee's discharge, and such a finding is only to be overturned if "arbitrary and unreasonable or unrelated to the requirements of the service." (*Allman v. Police Board* (1986), 140 Ill. App. 3d 1038, 1041, 489 N.E.2d 929.) Neither the appellate court nor the trial court may substitute its judgment for that of the administrative agency. *Davern v. Civil Service Comm'n* (1970), 47 Ill. 2d 469, 472, 269 N.E.2d 713.

Cause is defined as "some substantial shortcoming which renders the employee's continuation in office in some way detrimental to the discipline and efficiency of the service and which the law and sound public opinion recognize as a good cause for his no longer occupying the position." *Kreiser v. Police Board* (1976), 40 Ill. App. 3d 436, 441, 352 N.E.2d 389, *aff'd* (1977), 69 Ill. 2d 27, 370 N.E.2d 511.

Applying these principles to the instant action, we conclude that the trial court erred in finding the penalty of discharge to be "arbitrary and unreasonable or unrelated to the requirements of the service." The mere fact a reviewing court considers a different sanction more appropriate does not render a decision arbitrary. (*Sutton v. Civil Service Comm'n* (1982), 91 Ill. 2d 404, 411, 438 N.E.2d 147.) Recognizing that considerable deference is to be accorded the administrative agency's decision that cause exists for the employee's discharge, we do not lightly overturn its decision.

Our review of the record here indicates that there is evidence to support the Board's finding that petitioner, without justification, struck his supervisor, Frank, in the jaw with a clipboard and drove his truck in a dangerous manner while in close proximity to other employees, causing injury to Frank, and that such acts violated the employer's personnel rules.

As previously stated, Frank's testimony that petitioner grabbed the clipboard from him and swung it in an arc into his face was corroborated by testimony of other witnesses. Frank also testified that petitioner then left hurriedly and drove his truck out the gate, clipping his right knee, hip and elbow, and moments later, turned the truck tire and ran over Frank's right foot. Ths testimony was also substantially supported by other witnesses. Additionally, the documentary evidence of the police and hospital reports corroborated Frank's testimony about the injuries to his tooth and toes.

We believe the Board's findings of fact that the petitioner's act of striking his superior, when coupled with his additional and continuing conduct harmful to the superior and co-workers, all of which violated

the employer's rules, constitute "cause" for discharge. Further, we decline to substitute our judgment for that of the administrative agency and find that there was an insufficient basis for the trial court's reversal of the Board's decision to discharge petitioner.

Accordingly, we reverse the judgment of the circuit court of Cook County and reinstate the decision of the Board.

Reversed; order reinstated.

BUCKLEY, P.J., and O'CONNOR, J., concur.