MICHAEL MITCHEM, Petitioner-Appellee, v. COOK COUNTY SHER-
IFF'S MERIT BOARD *et al.*, Respondents-Appellants.

First District (3rd Division)   No. 1—88—1612

Opinion filed March 28, 1990.

Cecil A. Partee, State's Attorney, of Chicago (Joan S. Cherry, Myra J.

Brown, and M. Anne Gavagan, Assistant State's Attorneys, of counsel), for appellants.

Marvin Sacks and Joel S. Hymen, both of Chicago, for appellee.

PRESIDING JUSTICE CERDA delivered the opinion of the court:

Respondents, the Cook County Sheriff's Merit Board (Board), Cook County, and Richard J. Elrod, appeal from the trial court's order awarding petitioner, Michael Mitchem, back pay for his suspension pending a hearing on disciplinary charges. Respondents argue that the trial court exceeded its statutory authority by ordering back pay and that the Board had the authority to suspend petitioner for 180 additional days after the determination of his guilt following the hearing.

Petitioner filed a complaint for administrative review in the trial court alleging that he was a correctional officer for the Cook County Department of Corrections and that he was suspended without pay on September 12, 1986, pending the adjudication of the sheriff's administrative complaint against him. Hearings were held on September 29, 1986, October 7, 1986, and November 24, 1986. On December 2, 1986, the Board suspended him for 180 days without pay from November 24, 1986, through May 24, 1987. The Board's decision was silent as to the period of suspension from September 12, 1986, through November 23, 1986.

Petitioner argued below that section 12 of "An Act in relation to the Cook County Sheriff's Merit Board" (Act) (Ill. Rev. Stat. 1985, ch. 125, par. 62) provided that the Board could not order a suspension of more than 180 days, that the 180 days included prehearing suspension time, that the Board had failed to consider that he had been suspended without pay on September 12, 1986, pending the adjudication, and that he had been improperly suspended for more than 180 days.

The trial court remanded the cause so that the Board could issue a statement as to whether it had considered petitioner's suspension from September 12, 1986, through November 23, 1986, in rendering its decision. On November 17, 1987, the Board issued an order which changed its original order by suspending petitioner for 180 days now beginning December 2, 1986 (the date of its original order), instead of November 24, 1986. The Board still did not state whether it had considered the earlier prehearing suspension period.

On May 16, 1988, the trial court ordered that under section 12 of the Act, petitioner could not be suspended for more than 180 days,

that the Board should have suspended petitioner commencing "September 12, 1987 [*sic*]," and ending 180 days later, and that petitioner was entitled to be paid for the 81 days of prehearing suspension served in excess of 180 days.

Respondents argue that the 180-day posthearing suspension was within the Board's statutory authority and that the back pay order was outside the trial court's authority. Petitioner argues that section 12 of the Act (Ill. Rev. Stat. 1985, ch. 125, par. 62) limited the total days of suspension to 180 including suspension served prior to a hearing on the disciplinary charges.

■■ Section 11 of the Act provides:

"Disciplinary measures prescribed by the Board may be taken by the sheriff for the punishment of infractions of the rules and regulations promulgated by the Board. Such disciplinary measures may include suspension of any deputy sheriff in the County Police Department, any full-time deputy sheriff not employed as a county police officer or county corrections officer and any employee in the County Department of Corrections for a reasonable period, not exceeding 30 days, without complying with the provisions of Section 12 hereof." Ill. Rev. Stat. 1987, ch. 125, par. 61.

Section 12 of the Act provides:

"Except as is otherwise provided in this Act, no *** county corrections officer *** shall be removed, demoted or suspended except for cause, upon written charges filed with the Board by the Sheriff and a hearing before the Board ***. *** If the charges against an accused deputy sheriff are established by a preponderance of evidence, the Board shall make a finding of guilty and order either removal, demotion, suspension for a period of not more than 180 days ***." (Ill. Rev. Stat. 1987, ch. 125, par. 62.)

The parties do not provide a copy of article II, section A(2), of the Board rules, but agree that it states:

"The Sheriff or his designated representative, may suspend for a period in excess of thirty days any Police Officer of the Cook County Police Department, any employee of the Department of Corrections or any full-time Deputy Sheriff who has completed his probation provided charges against that person have been filed with the Board and pending the decision of the Board on those charges. Such suspension may be ordered only if the employee has had an opportunity to respond to the Sheriff's decision."

In *Brown v. Sexner* (1980), 85 Ill. App. 3d 139, 405 N.E.2d 1082, the trial court examined a provision of the County Police Department Act (Ill. Rev. Stat. 1977, ch. 125, par. 113)[1] almost identical to section 12 and held that a corrections officer could be suspended pursuant to a Board rule for more than 30 days pending a hearing. (*Brown*, 85 Ill. App. 3d at 152-53.) The rule allowed the suspension of a corrections officer provided charges had been filed and pending the decision of the Board on those charges. The court rejected the argument that the rule was inconsistent with the statutory provision (Ill. Rev. Stat. 1977, ch. 125, par. 112), which is also contained in the act at issue in the instant case, that the sheriff could not suspend a deputy sheriff for more than 30 days without complying with the provision requiring written charges and hearings. *Brown*, 85 Ill. App. 3d at 152-53.

Petitioner relies in part upon *Sier v. Peoria Board of Fire & Police Commissioners* (1987), 157 Ill. App. 3d 1097, 510 N.E.2d 633, which interpreted section 10—2.1—17 of the Illinois Municipal Code (Ill. Rev. Stat. 1985, ch. 24, par. 10—2.1—17), which provided that a person could not be suspended pending a hearing for more than 30 days.[2] In contrast, the statute at issue in the instant case does not explicitly limit the length of a prehearing suspension. Not only is *Sier* distinguishable on this basis, but it is at variance with other cases which have permitted suspensions without back pay for more than 30 days pending hearings of employees who were ultimately discharged notwithstanding the statute's 30-day limit on prehearing suspensions. *Sheehan v. Board of Fire & Police Commissioners* (1987), 158 Ill. App. 3d 275, 280, 509 N.E.2d 467; *McCoy v. Kamradt* (1985), 136 Ill. App. 3d 551, 560, 483 N.E.2d 544.

Petitioner also cites *Cappitelli v. Rodewald* (1988), 171 Ill. App. 3d 875, 878, 525 N.E.2d 1037, which held that a Board rule permitting suspensions of up to 120 days was invalid for conflicting with section 10—2.1—17 of the Illinois Municipal Code (Ill. Rev. Stat. 1983, ch. 24, par. 10—2.1—17) that limited suspensions after a determina-

---

[1] "Except as is otherwise provided in this Act, no deputy sheriff in the county police department shall be removed, demoted or suspended except for cause, upon written charges filed with the Board by the Sheriff and a hearing before the Board thereon \*\*\*. \*\*\* If the charges against an accused \*\*\* are established \*\*\* the Board shall make a finding of guilty and order either removal, demotion or suspension for a period of not more than 180 days."

[2] "The board \*\*\* shall conduct a \*\*\* hearing of the charges, to be commenced within 30 days of the filing thereof, which hearing may be continued from time to time. In case an officer or member is found guilty, the board may discharge him, or may suspend him not exceeding 30 days without pay. The board may suspend any officer or member pending the hearing with or without pay, but not to exceed 30 days."

tion of guilt to 30 days.[3] The instant case is distinguishable because the Board did not suspend petitioner after the determination of guilt for more than 180 days, which was clearly the limit on posthearing suspensions.

Petitioner argues that section 12 was interpreted in *Zurek v. Cook County Police & Corrections Merit Board* (1976), 42 Ill. App. 3d 1044, 356 N.E.2d 1079, in a manner supporting his argument that he was entitled to credit for his prehearing suspension. In *Zurek*, after a hearing, the Board had suspended one of the petitioners for six months commencing as of the initial suspension date prior to the hearing. (*Zurek*, 42 Ill. App. 3d at 1045.) But the issue on appeal was whether further suspension could be imposed because the notice of the hearing was not given within the initial 30 days of suspension. (*Zurek*, 42 Ill. App. 3d at 1045.) The issue was not whether credit for prehearing suspension was required.

Cases interpreting other statutes providing that an employee could not be suspended for more than 30 days except upon written charges and a hearing have upheld greater than 30-day prehearing suspensions. *Hoban v. Rochford* (1979), 73 Ill. App. 3d 671, 679, 392 N.E.2d 88 (interpreting Ill. Rev. Stat. 1975, ch. 24, par. 10—1—18.1[4]); *People ex rel. Cotter v. Conlisk* (1974), 17 Ill. App. 3d 346, 347-48, 308 N.E.2d 1 (also held that employee was not entitled to salary for suspension under section 10—1—18.1 pending dismissal); *Haverly v. Boys* (1979), 77 Ill. App. 3d 312, 319, 395 N.E.2d 1005 (the court interpreted section 11 of the Personnel Code (Ill. Rev. Stat. 1977, ch. 127, par. 63b111)[5] and held that section 8b.15 of the Personnel Code delegating the authority to promulgate rules for suspension of fewer than 30 days did not preclude the imposition of suspensions for more than 30 days).

■ Section 11 of the Act (Ill. Rev. Stat. 1985, ch. 125, par. 61) permits suspensions of up to 30 days without the necessity of written charges and a hearing. Board rule II(A)(2), which the Board is statutorily authorized to make (Ill. Rev. Stat. 1987, ch. 125, par. 56), per-

---

[3]See above footnote for text of statute.

[4]"[N]o officer or employee of the police department *** may be removed or discharged, or suspended for more than 30 days except for cause upon written charges and after an opportunity to be heard ***. *** Nothing in this Section limits the power of the superintendent to suspend a subordinate for a reasonable period, not exceeding 30 days."

[5]"No officer or employee *** shall be removed or discharged, demoted or suspended for a period of more than 30 days, except for cause, upon written charges *** and after an opportunity to be heard."

mits suspensions of over 30 days pending a hearing. Section 12 of the Act (Ill. Rev. Stat. 1985, ch. 125, par. 62), however, limits suspensions to 180 days after the Board makes a finding of guilt. The limit of 180 days includes those suspensions imposed pending a hearing.

Petitioner was unlawfully suspended, and therefore, the next issue is whether the trial court erred in granting back pay. Respondents argue that the trial court did not have the power under the Administrative Review Law (Ill. Rev. Stat. 1987, ch. 110, par. 3—111) to award back pay to petitioner. They argue that the Board did not award any back pay so that the trial court's award was not an affirmance or reversal of an administrative decision that required the payment of money. Respondents also argue that the Board did not have the authority to monetarily compensate employees; the implication of this argument is that because the Board could not order back pay, neither could the trial court. Petitioner responds that courts have ordered back pay for improperly suspended or discharged employees and that an administrative agency has the implied authority to award back pay to an employee whose suspension by a supervisor was not expressly authorized by the agency though the agency was not expressly authorized by any statute to do so.

■ The Administrative Review Law lists the powers of the circuit court. (Ill. Rev. Stat. 1987, ch. 110, par. 3—111.) The only possibly relevant powers are the following:

"(5) to affirm or reverse the decision in whole or in part;

(6) where a hearing has been held by the agency, to reverse and remand the decision in whole or in part, and, in such case, to state the questions requiring further hearing or proceedings and to give such other instructions as may be proper;

* * *

(8) in case of affirmance or partial affirmance of an administrative decision which requires the payment of money, to enter judgment for the amount justified by the record and for costs." Ill. Rev. Stat. 1987, ch. 110, pars. 3—111(5), (6), (8).

In *Drezner v. Civil Service Comm'n* (1947), 398 Ill. 219, an order of the State Civil Service Commission discharging an employee for misconduct was reversed by the Illinois Supreme Court as against the manifest weight of the evidence. The employee argued that he was entitled to reinstatement and back pay. The court disagreed that the Administrative Review Law permitted a court to so order and cited section 12 (Ill. Rev. Stat. 1945, ch. 110, par. 275), which gave the court the power only to affirm or reverse the decision of the administrative agency in whole or in part or remand the cause for the taking

of additional evidence. (*Drezner*, 398 Ill. at 232.) The court further noted that it was the Administrative Review Law's purpose to provide judicial review of administrative decisions, that the court appealed to could not go outside the record certified to it, and that there was nothing in the record which would justify a judgment for back pay. *Drezner*, 398 Ill. at 232.

■■ This reasoning is applicable to the instant case under the current section 3—111 of the Administrative Review Law, which also does not provide the court with the power to award back pay. (*Dorner v. Illinois Civil Service Comm'n* (1980), 85 Ill. App. 3d 957, 963, 407 N.E.2d 750.) The cases cited by petitioner do not address the issue of the trial court's power to award back pay. (*Sier v. Peoria Board of Fire & Police Commissioners* (1987), 157 Ill. App. 3d 1097, 510 N.E.2d 633; *Crowell v. Bilandic* (1979), 77 Ill. App. 3d 162, 395 N.E.2d 1023.) The trial court was limited in its power by the Administrative Review Law and could only affirm or reverse the order of suspension with or without remand. (Ill. Rev. Stat. 1987, ch. 110, par. 3—111.) Although the trial court erred in awarding petitioner back pay, it can remand the case to the administrative agency for the taking of additional evidence related to back pay and related benefits. The additional evidence would establish a record as a basis for the award of back pay and benefits. *Drezner*, 398 Ill. at 232; *Sgro v. City of Springfield* (1972), 6 Ill. App. 3d 478, 481-82, 285 N.E.2d 589; *Sola v. Clifford* (1975), 29 Ill. App. 3d 233, 237, 329 N.E.2d 869.

The judgment of the circuit court is affirmed in part and reversed in part, and the cause is remanded.

Affirmed in part, reversed in part and remanded.

RIZZI and WHITE, JJ., concur.