[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 29, 2004
THOMAS K. KAHN
CLERK

No. 03-15304

D. C. Docket No. 03-20870 CV-UUB

FRANCIS CARCAMO,

Plaintiff-Appellant,

versus

MIAMI-DADE COUNTY,
DOWNTOWN TOWING COMPANY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 29, 2004)**

Before ANDERSON, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Francis Carcamo ("Appellant") brought suit pursuant to 42 U.S.C. § 1983

against, <u>inter alia</u>, Miami-Dade County ("County") claiming that the County

violated her procedural due process rights.  The district court granted the County's motion to dismiss in a thorough opinion applying the analysis set out in Mathews v. Eldridge, 424 U.S. 319, 96 S. Ct. 893 (1976); we agree with the district court's analysis, and adopt its opinion which has been published in 284 F. Supp. 2d 1362 (S.D. Fla. 2003).

Although we adopt the district court's opinion, we address one argument asserted by Appellant which was not squarely addressed by the district court. Appellant argues that the County should have provided a post-deprivation administrative hearing rather than a post-deprivation tort action, because the County acted pursuant to a policy or practice in impounding her car.  The purported basis for her argument is an exception to the Parratt-Hudson doctrine.[1]

Under the Parratt-Hudson doctrine, a random and unauthorized deprivation does not violate procedural due process if the state provides an adequate post-deprivation remedy.  See Zinermon v. Burch, 494 U.S. 113, 132, 110 S. Ct. 975, 987 (1990).  Appellant argues that Parratt-Hudson does not apply here because the County acted pursuant to a "policy or practice," and therefore its actions were not

---

[1]    Parratt v. Taylor, 451 U.S. 527, 541, 101 S. Ct. 1908, 1916 (1981); Hudson v. Palmer, 468 U.S. 517, 533, 104 S. Ct. 3194, 3203-04 (1984).

2

random and unauthorized.[2] She concedes that pre-deprivation process was not required here,[3] but argues that the County's "policy or practice" requires it to provide her an administrative post-deprivation hearing rather than a tort action.

Appellant's argument fails because Parratt-Hudson concerns whether post-deprivation remedies are acceptable, not whether a particular type of post-deprivation process is adequate.[4] She offers no reason why a state's post-deprivation judicial proceeding satisfies due process in numerous cases comprising

---

[2] Appellant seeks to take advantage of what she argues is an exception to the doctrine, i.e. when the deprivation results from an "established state policy."

[3] In the instant case, the district court noted that Appellant has not alleged that a hearing could or should have been held before her car was towed or before she paid the fees to obtain the return of her vehicle. 284 F. Supp. 2d at 1365 n2. Nor has appellant argued otherwise in this appeal. Rather, she has repeatedly conceded that pre-deprivation process was not required.

[4] We also note that Appellant is mistaken to assume that the existence of a government "policy or practice" necessarily bars the application of Parratt-Hudson. Rather, post-deprivation remedies may be acceptable even in contexts involving a state policy or procedure. In Rittenhouse v. DeKalb County, 764 F.2d 1451 (11th Cir. 1985), we concluded that "the rationale underlying the 'established state procedure' exception is that where a deprivation occurs pursuant to an established state procedure, pre-deprivation process is ordinarily feasible." Id. at 1455. Thus, the acceptability of post-deprivation process turns on the feasibility of pre-deprivation process, not the existence of a policy or practice. Rittenhouse demonstrates how the case law as of 1985 establishes this proposition. Subsequent case law is consistent. See Zinermon, 494 U.S. at 132, 110 S. Ct. at 987 ("[T]he reasoning of Parratt and Hudson emphasizes the state's inability to provide predeprivation process[.]"); see also id. at 128, 110 S. Ct. at 985 ("Parratt and Hudson represent a special case of the general Mathews v. Eldridge analysis, in which postdeprivation tort remedies are all the process that is due, simply because they are the only remedies the state could be expected to provide.").

the Parratt-Hudson progeny, but does not in the instant case.[5]  Nor can we fathom

any such reason, especially in light of the fact that the private interest at stake here

is so lacking in weight, i.e., the purely monetary interest in the use of $208.20 for a

brief period of time.  We note that, as part of the Parratt-Hudson progeny, this court

has held that a judicial post-deprivation cause of action satisfies due process when

the private interest involved was much weightier.  See McKinney v. Pate, 20 F.3d

1550, 1565 (11th Cir. 1994) (en banc) (involving plaintiff's interest in

employment); Lindsey v. Storey, 936 F.2d 554, 561 (11th Cir. 1991) (involving

retention of plaintiff's automobile itself, not just retention of roughly $200 for a

brief time).

What Appellant seems to want is a free ticket to federal court, riding on the

back of her "established state policy" theory, without applying the well-established

Mathews v. Eldridge three-factor analysis.  However, the Supreme Court has made

it clear that procedural due process cases, including those in which the plaintiff

seeks to avoid the Parratt-Hudson doctrine on the basis of an established state

policy or practice, are governed by the three-factor analysis set out in Mathews v.

Eldridge.  See Zinermon, 494 U.S. at 127-39, 110 S. Ct. at 984-90.  Thus, the

---

[5]     In those cases, as in this case, a post-deprivation administrative hearing probably was possible.

4

district court correctly analyzed this case by employing the <u>Mathews v. Eldridge</u> analysis. As indicated above, we agree with and adopt the district court's analysis.

Accordingly, the judgment of the district court is

AFFIRMED.