BYUNG MOO SOH, ) Appeal from the

) Circuit Court of

Plaintiff and ) Cook County.

Counterdefendant-Appellant ) 

)

v. )

)

TARGET MARKETING SYSTEMS, INC., )

)

Defendant and ) 

Counterplaintiff-Third-Party )

Plaintiff-Appellee )

)

(Richard Koh, ) No. 02 L 2530

) 

Defendant-Appellee; )

)

Buylateral.com PTE, Ltd., ) 

) 

Defendant and )

Counterplaintiff-Third-Party )

Plaintiff; )

v. )

)

Boraam Industries, LLC, ) Honorable

) Allen S. Goldberg,

Third-Party Defendant). ) Judge Presiding.

PRESIDING JUSTICE REID delivered the opinion of the court:

The trial court granted the motion of defendants Target Marketing Systems, Inc. (TMS), and Richard Koh to dismiss.  On appeal, the plaintiff, Byung Moo Soh, argues that the trial court erroneously interpreted an employee exemption found in section 2 of the Illinois Wage Payment and Collection Act (820 ILCS 115/2
 (West 2002)).  For the reasons that follow, we reverse the decision of the trial court and remand this matter.

BACKGROUND

On March 20, 2003, Soh filed his third amended complaint against TMS, Buylateral and Koh, who was the chief executive officer of TMS.  In the complaint, Soh alleged that on November 27, 2000, he entered a written stock purchase agreement with defendant Buylateral.com PTE, LTD. (Buylateral), pursuant to which Soh sold and Buylateral bought all of the shares of common stock that he owned in TMS.  Thereafter, on January 5, 2001, Soh and TMS entered into an amended and restated employment agreement (employment agreement) whereby Soh agreed to serve TMS in the capacity of president for a term of four years commencing on October 1, 2000.  However, on February 5, 2002, Soh’s employment with TMS was terminated.

On February 27, 2002, Soh filed his original complaint alleging causes of action for breach of employment agreement against TMS in count I, breach of stock purchase agreement against Buylateral in count II, and detinue against TMS in count III.  Subsequently, the complaint was amended to add a claim under the Illinois Wage Payment and Collection Act (the Act) (820 ILCS 115/1 
et
 
seq
. (West 2002)) against TMS and Richard Koh.  Thereafter, Soh amended his complaint on two additional occasions in an effort to state a cause of action but failed.  

On April 17, 2002, TMS and Buylateral filed a counterclaim against Soh.  Thereafter, on January 10, 2003, TMS and Buylateral filed a third-party complaint against Boraam Industries, LLC.

On July 29, 2003, TMS and Koh subsequently filed a motion to dismiss count IV of Soh’s third amended complaint pursuant to section 2-615 of the Illinois Code of Procedure (the Code) (735 ILCS 5/2-615 (West 2002)).  Relying on 
Doherty v. Kahn
, 289 Ill. App. 3d 544 (1997), the defendants alleged that Soh did not fall within the class of employees protected by the Act because he served as president of TMS and had some degree of control over the performance of his work.

Specifically, count IV of Soh’s third amended complaint alleged a failure on the part of TMS and Koh to pay Soh his agreed salary pursuant to the terms of the employment agreement.  Count IV also alleged, 
inter
 
alia
, a failure to pay Soh other benefits to which he was entitled, a failure to reimburse Soh for business expenses incurred by him and that TMS terminated him without cause and without the required written notice.  

On August 6, 2003, the trial court granted the defendants’ motion to dismiss with prejudice.  On September 5, 2003, Soh timely filed his notice appeal, wherein he requested that this court reverse the trial court’s order of August 6, 2003.

ANALYSIS

The only claim at issue on appeal relates to the trial court’s dismissal of count IV of Soh’s third amended complaint. 

A motion to dismiss brought pursuant to section 2-615 of the Code attacks the legal sufficiency of a complaint based on defects apparent on the face of the complaint.  
Vitro v
. 
Mihelcic
,
 209 Ill. 2d 76, 81 (2004).  In ruling on a section 2- 615 motion, a court must accept as true all well-pled facts in the complaint and draw all reasonable inferences therefrom in favor of the nonmoving party. 
 
Vitro
,
 209 Ill. 2d at 81.  The critical question on appeal is whether the allegations of the complaint, when viewed in the light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted.  
Borowiec v. Gateway 2000, Inc.
,
 209 Ill. 2d 376, 382 (2004).  A cause of action should be dismissed pursuant to a section 2-615 motion only if it is clearly apparent that no set of facts can be proven which will entitle the plaintiff to recovery.  
Borowiec
,
 209 Ill. 2d at 382-83.  Our review of a dismissal pursuant to section 2-615 is 
de
 
novo
,
 and we may affirm upon any grounds for which a factual basis exists in the record.  
Colmar, Ltd. v. Fremantlemedia North America, Inc.
,
 344 Ill. App. 3d 977, 994 (2003).

“In 1973, the Illinois General Assembly enacted the Wage Act to provide employees with a cause of action for the timely and complete payment of earned wages or final compensation, without retaliation from employers.  See S. Miller, 
Minimum Guaranteed Rights Under the Illinois Wage Payment and Collection Act
,
 81 Ill. B.J. 194, 195 (1993).  Upon an employee's separation, an employer is required to pay the full amount of the employee's final compensation within the next regularly scheduled pay period. 820 ILCS 115/5 (West 1992).  An employer convicted under the Act for intentionally withholding or delaying the payment of wages or final compensation is guilty of a Class C misdemeanor. 820 ILCS 115/14(a)(West 1992).  The Wage Act defines wages or final compensation as ‘any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties.’  820 ILCS 115/2 (West 1992).  Claims for wages or final compensation are thus akin to breach of contract actions.”  
Doherty v. Kahn
, 289 Ill. App. 3d 544, 557-58 (1997).
 The defendants contend that the trial court’s decision to grant their motion to dismiss was proper.  The defendants argue that Soh, as president of TMS, had some degree of control and direction over the performance of his work.  The employment agreement, which governed the relationship that Soh had with TMS, defines his job title and duties as follows:

“1.01 
JOB TITLE AND DESCRIPTION
.  Executive shall serve the Company in the capacity of President.  As such, Executive shall have such powers and perform such duties as may be designated by the Board of Directors of the Company from time to time, such duties not to vary significantly from his duties as Vice President of the Company existing on the date hereof, unless agreed to by Executive.”

Consequently, the defendants maintain that the employment agreement does not provide any specifics as to how Soh is to perform his duties.  As such, the defendants claim that Soh had “some control” and “some direction” over how his job was to be performed.  Consequently, relying on 
Doherty
, the defendants argue that Soh does not fall into the class of employees protected by the Act and, therefore, cannot state a claim for relief under the Act.

Soh contends that the trial court erred when it dismissed count IV of his third amended complaint.  In particular, Soh argues that the trial court should not have relied on the decision reached in 
Doherty
.  Soh maintains that the 
Doherty
 court 
erroneously interpreted the meaning of “employee” as it is defined by section 2 of the Act.

In 
Doherty
, the appellate court affirmed the trial court’s dismissal of the plaintiff’s claim under the Act, on the basis that the plaintiff did not fall into the class of employees the Act seeks to protect.  The ruling of the 
Doherty
 court follows:

“Plaintiff asserts that, as an employee of Glen Regal, he was within the class of persons the Wage Act was designed to protect.  Section 13 of the Wage Act does allow an employee to hold corporate officers and agents personally liable by proving that they knowingly permitted the corporation to violate the Wage Act.  [820 ILCS 115/13 (West 1992)]; see 
Johnson v. Western Amusement Corp.
,
 157 Ill. App. 3d 873, 510 N.E.2d 991 (1987); 
Stafford v. Puro
,
 63 F.3d 1436 (7th Cir. 1995).  However, section 2(1) states that the Wage Act does not apply to an employee ‘who has been and will continue to be free from control and direction over the performance of his work.’  820 ILCS 115/2(1)(West 1992).
 In the case 
sub
 
judice
,
 it is not clear whether plaintiff is referring to the time period before or after he was voted out as president.  As president of Glen Regal, plaintiff was an employee who also had some control over the business and direction over the performance of his work.  Therefore, we hold that plaintiff does not fall into the class of employees the Wage Act seeks to protect.”  
Doherty
, 289 Ill. App. 3d at 558.

Soh argues that 
Doherty
 was decided wrongly because, “pursuant to Illinois law on statutory construction, the clear and express language of the Act’s ‘independent contractor’ exclusion set forth in section 2 clearly requires that an individual meet all three factors in order to be excluded from the Act’s protection.”

Section 2 of the Act states the following:

“As used in this Act, the term ‘employee’ shall include any individual permitted to work by an employer in an occupation, but shall not include any individual:

(1) who has been and will continue to be free from control and direction over the performance of his work, both under his contract of service with his employer and in fact; and

(2) who performs work which is either outside the usual course of business or is performed outside all of the places of business of the employer unless the employer is in the business of contracting with third parties for the placement of employees; and

(3) who is in an independently established trade, occupation, profession or business.”  820 ILCS 115/2 (West 2002).

“The construction of a statute is an issue of law; our review is 
de
 
novo
.  
Boaden v. Department of Law Enforcement
,
 171 Ill. 2d 230, 237, 664 N.E.2d 61, 65 (1996).  The fundamental principle of statutory construction is to ascertain and give effect to the intent of the legislature. 
 
Bowne of Chicago, Inc. v. Human Rights Comm'n
,
 301 Ill. App. 3d 116, 119, 703 N.E.2d 443, 446 (1998).  The most reliable indicator of legislative intent is the statute's language, which must be given its plain and ordinary meaning. 
 
Boaden v. Department of Law Enforcement
,
 171 Ill. 2d 230, 237, 664 N.E.2d 61, 65 (1996).”  
Gilchrist v. Human Rights Comm’n
, 312 Ill. App. 3d 597, 602 (2000).
 Generally, principles of statutory construction interpret the term "and" as conjunctive rather than disjunctive.  
City of Carbondale v. Bower
, 332 Ill. App. 3d 928, 933 (2002), citing 
People ex rel. Aramburu v. City of Chicago
,
 73 Ill. App. 2d 184(1966).  “As a general rule, the use of the conjunctive, as in the word ‘and,’ indicates that the legislature intended for 
all
 of the listed requirements to be met.  1A N. Singer, Sutherland on Statutory Construction §21.14, at 129 (5th ed. 1993); see also 
Richardson Brothers v. Board of Review of the Department of Employment Security
, 
198 Ill. App. 3d 422, 425-26, 555 N.E.2d 1126, 1128 (1990) (construing statute containing conjunctive criteria to be met in order for individual's services to be considered those of an employee rather than an independent contractor);
 
La Salle National Bank v. Triumvera Homeowners Ass'n
,
 109 Ill. App. 3d 654, 670, 440 N.E.2d 1073, 1084 (1982)(‘when items are meant to have effect when combined, conjunctive construction should be used, *** by means of the word “and”’).” (Emphasis in original.) 
Gilchrist
, 312 Ill. App. 3d at 602.

Here, since the three criteria listed in section 2 of the Act are conjunctive, we conclude that a person who does not fit all three requirements cannot be excluded from the class of people who are to be considered employees under this section of the Act.  Consequently, we find that 
Doherty
 erroneously interpreted section 2 of the Act.  In this case, it must be shown that Soh fits 
all three requirements
 found in section 2 before it can be shown that he is not an employee pursuant to that section of the Act.

Furthermore, we find support for our interpretation of section 2 in 
AFM Messenger Service, Inc. v. Department of Employment Security
, 198 Ill. 2d 380, 397-98 (2001).  There the Supreme Court of Illinois interpreted a very similarly worded independent-contractor exemption found in the Unemployment Insurance Act (820 ILCS 405/100 
et
 
seq
. (West 2000)).  The exemption at issue follows:

"Service performed by an individual for an employing unit, whether or not such individual employs others in connection with the performance of such services, shall be deemed to be employment unless and until it is proven in any proceeding where such issue is involved that--

A. Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact; and 

B. Such service is either outside the usual course of the business for which such service is performed or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and 

C. Such individual is engaged in an independently established trade, occupation, profession, or business.”  820 ILCS 405/212 (West 2000).

The court found that, “[b]ecause the three conditions of section 212 are phrased in the conjunctive, all three conditions must be satisfied for the independent-contractor exemption to apply.”  
AFM Messenger Service, Inc.
, 198 Ill. 2d at 397.

As such, we find that the trial court’s decision to grant the defendants’ motion to dismiss was erroneous.

CONCLUSION

For the foregoing reasons, the decision of the trial court is reversed and remanded.

Reversed and remanded.

Campbell, J. and O’Brien, J., concur.