# In the
# United States Court of Appeals
## For the Seventh Circuit

_____

No. 04-3131

SHERRY WALL,

*Plaintiff-Appellant*,

v.

CITY OF BROOKFIELD, *et al.*,

*Defendants-Appellees*.

_____

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 03-C-0663—**Rudolph T. Randa**, *Chief Judge*.

_____

ARGUED APRIL 4, 2005—DECIDED APRIL 27, 2005

_____

Before POSNER, ROVNER, and WILLIAMS, *Circuit Judges*.

POSNER, *Circuit Judge*. This case bids fair to bring constitutional litigation into disrepute. The plaintiff, a resident of a Milwaukee suburb, owns two dogs, one a 95-pound Doberman Pinscher that is constantly getting loose and frightening the neighbors. The plaintiff received nine citations for violating the municipal ordinance that forbids people to let their dogs run wild. These citations cost her in fines and attorneys' fees some $25,000. The next time the dog got out

the local humane society picked it up and the town authorities told the society to hold on to the dog as a stray, though they knew it was not a stray—that it was the plaintiff's notorious animal. She brought this suit under 42 U.S.C. § 1983, contending that the town had deprived her of her property without due process of law and seeking injunctive relief and damages. After detaining the dog for 60 days, the humane society returned it to her, so her suit became one for the loss of 60 days of animal companionship.

If ever the resolution of a dispute belonged at the local level of government, it is this dispute over what to do about the plaintiff's inability or, more likely, unwillingness to control her intimidating Doberman. It is impossible to discern a federal interest. There is no suggestion that the plaintiff belongs to a discriminated-against minority, that Wisconsin officialdom is irrationally hostile to dog owners, that Brookfield intended to sell the Doberman in order to retire the town debt, that the plaintiff is a political opponent of the town's mayor, that leash laws challenge values embedded in the federal Constitution or federal laws, or that the detention of the dog was intended as retaliation against the plaintiff for asserting her federal rights. This is a neighborhood squabble over a dog, a squabble properly to be resolved at the neighborhood or local level rather than by federal judges sitting in Milwaukee and Chicago. Such hotly litigated issues as whether a neighbor's two-pound dog the scruff of whose tiny neck the Doberman clamped its jaws on was a puppy that the Doberman was playing sweetly with or a minute adult that the Doberman was terrifying do not engage the expertise of federal judges.

The plaintiff needs to be reminded that a deprivation of property is actionable under section 1983 only when it is accomplished without due process of law and that the temporary deprivation of property of slight value requires

only modest process, consistently with the sliding scale approach of *Mathews v. Eldridge*, 424 U.S. 319 (1976); see also *Hudson v. City of Chicago*, 374 F.3d 554, 559-60, 562 (7th Cir. 2004); *Alexander v. Wisconsin Dep't of Health & Family Services*, 263 F.3d 673, 688 (7th Cir. 2001); *Porter v. DiBlasio*, 93 F.3d 301, 305-06 (7th Cir. 1996). The Doberman was seized without notice and an opportunity for a pre-seizure hearing—necessarily so, since the dog was picked up in the street. Only a post-deprivation hearing was feasible. The plaintiff could have got that by filing a petition in the county court for the return of an animal "wrongfully withheld under [Wis. Stat. §] 173.21(1)." Wis. Stat. § 173.22. No more process than that was constitutionally required. *Parratt v. Taylor*, 451 U.S. 527 (1981).

The plaintiff makes the frivolous argument that because a petition for return of an animal "improperly taken into custody" is unavailable if the ground for taking the animal into custody was that it was abandoned or a stray, Wis. Stat. §§ 173.13(1)(a)1, 173.22(1), she cannot proceed under section 173.22, the petition-for-return section. But that section is explicit that the petition can be filed *either* if the claim is that the animal was improperly taken into custody *or* if the claim is that the animal is being wrongfully withheld, and her contention is that the Doberman was wrongfully withheld.

This is nuisance litigation that the federal judiciary does not need. So we affirm the judgment but at the same time issue the plaintiff an order to show cause why she should not be sanctioned for making a frivolous argument in a meritless case.

A true Copy:

Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*