# In the
# United States Court of Appeals
## For the Seventh Circuit
———————

No. 04-3947

GLORIA ELLIS,

*Plaintiff-Appellant,*

v.

MICHAEL SHEAHAN, Sheriff of Cook County,

*Defendant-Appellee.*

———————

Appeal from the United States District Court for
the Northern District of Illinois, Eastern Division.
No. 01 C 759—**George M. Marovich**, *Judge.*

———————

ARGUED MARCH 31, 2005—DECIDED JUNE 17, 2005

———————

Before FLAUM, *Chief Judge,* and POSNER and EVANS, *Circuit Judges.*

POSNER, *Circuit Judge.* The plaintiff, a correctional officer employed by the Cook County, Illinois, sheriff's office, was suspended pending termination proceedings before the sheriff's Merit Board. The proceedings had been instituted because of a belief that the plaintiff might have been negligent or otherwise at fault in failing to prevent a prisoner whom she was guarding from committing suicide. Her suspension began on July 24, 1998. Almost two years later,

on April 17, 2000, the Merit Board issued its decision, finding that there was misconduct but that the appropriate punishment was not termination but merely suspension for 60 days; and so, the first 60 days of her suspension having long expired, the board ordered her reinstated in her job forthwith; and she was. She had by this time been suspended for 633 days.

The sheriff's policy, which is based on an interpretation of Illinois judicial decisions, is to give the employee backpay for only the part of the period in excess of the board's "sentence" that was *not* due to continuances requested or not opposed by the employee. So instead of awarding the plaintiff backpay for 573 days (633 - 60), the sheriff awarded her backpay for only 106 days, all the rest of the time that the matter was before the Merit Board being accounted for by continuances that the plaintiff had either requested or not opposed. The sheriff also refused, pursuant to another policy of his, to pay any interest on the backpay.

In this suit under 42 U.S.C. § 1983, the plaintiff claims that the sheriff has deprived her of property, consisting of an entitlement to backpay for the entire 573-day period and interest on that amount also for the entire period, without due process of law and therefore in violation of the Fourteenth Amendment. She also claims a denial of equal protection of the laws, but that claim is frivolous and requires no discussion.

The first question bearing on the due process claim is whether it is true that under Illinois law an employee who has been suspended is entitled to backpay during a period in which he prolonged the suspension by delaying, or acquiescing in the delay of, the proceedings in which he is challenging the suspension. Suspension followed by an award of backpay for the period of suspension is a paid vacation, and if the suspended employee prolongs the

vacation he imposes costs on the employer that were not contemplated by the employment contract.

But a flat rule denying backpay for the part of the suspension period that was due to continuances sought by the employee, or even more clearly a rule denying backpay during continuances in which he merely acquiesced that had been sought by the opposing party or ordered by the judge on the judge's own initiative, would be unreasonable, and is not Illinois law. There are many situations in which a motion for a continuance (not to mention a failure to oppose a continuance sought by another party, let alone one ordered by the judge without prompting by either party) is entirely reasonable and cannot be attributed to a willful desire to protract the litigation. In other situations such a motion *is* a delaying tactic and then the principle of mitigation of damages, which bars a wronged individual from obtaining damages that he could easily have avoided and which in Illinois as elsewhere is applicable to claims of backpay, *East St. Louis School District No. 189 v. Hayes*, 604 N.E.2d 557, 561-62 (Ill. App. 1992); *Chesser v. Illinois*, 895 F.2d 330, 336-37 (7th Cir. 1990); *Kamberos v. GTE Automatic Electric, Inc.*, 603 F.2d 598, 603 (7th Cir. 1979); *Sands v. Runyon*, 28 F.3d 1323, 1328 (2d Cir. 1994), clicks in. But failure to mitigate damages is a defense, in Illinois, *Sharon Leasing, Inc. v. Phil Terese Transportation, Ltd.*, 701 N.E.2d 1150, 1158-59 (Ill. App. 1998); *Kensington Rock Island Ltd. Partnership v. American Eagle Historic Partners*, 921 F.2d 122, 125 (7th Cir. 1990); *Donnelly v. Yellow Freight System, Inc.*, 874 F.2d 402, 411 (7th Cir. 1989), as elsewhere. *United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1230 (10th Cir. 2000); *Koppers Co. v. Aetna Casualty & Surety Co.*, 98 F.3d 1440, 1448 (3d Cir. 1996); *Travellers Int'l, A.G. v. Trans World Airlines, Inc.*, 41 F.3d 1570, 1580-81 (2d Cir. 1994). And so the sheriff, to ground his policy in Illinois

law, would have to show that the plaintiff's requests for continuances were unjustifiable, which he has not tried to do. So we may assume that the plaintiff has an entitlement to backpay for 467 days (573 - 106). We have been unable to discover whether state law would entitle her to interest on backpay.

But to have and lose an entitlement is not enough to establish a deprivation of property without due process of law; it establishes only that a deprivation of property has taken place. The plaintiff had to show that the property was taken away from her without notice and the opportunity for a hearing at which she could try to contest the deprivation. She had and indeed still has adequate procedural routes by which to obtain such a hearing. She could have asked the Merit Board to award her backpay. *Mitchem v. Cook County Sheriff's Merit Board*, 554 N.E.2d 331, 334-35 (Ill. App. 1990); *Burton v. Sheahan*, 2001 U.S. Dist. LEXIS 25789, at *17-19 (N.D. Ill. May 16, 2001); cf. *Kropel v. Conlisk*, 322 N.E.2d 793, 798 (Ill. 1975); *County of Cook v. Illinois Local Labor Relations Board*, 707 N.E.2d 176, 179 (Ill. App. 1998); *Hoban v. Rochford*, 392 N.E.2d 88, 94 (Ill. App. 1979). Unless the statute of limitations has run, she can still obtain the missing backpay, if she has any right to it, by a suit under the Illinois wage payment statute, 820 ILSC 115/1 *et seq.*; *Byung Moo Soh v. Target Marketing Systems, Inc.*, 817 N.E.2d 1105, 1107-08 (Ill. App. 2004); *Miller v. Kiefer Specialty Flooring, Inc.*, 739 N.E.2d 982, 986-87 (Ill. App. 2000), or by an action for mandamus. *People ex rel. Hilger v. Myers*, 252 N.E.2d 924, 926 (Ill. App. 1969) ("mandamus is a proper remedy to enforce [*sic*] officials to perform their duty in paying salary to an employee lawfully entitled to the same"); *People ex rel. Bourne v. Johnson*, 199 N.E.2d 68, 69-71 (Ill. App. 1964).

In perfunctory and unconvincing argument, the plaintiff's lawyer denies the adequacy of any of these rem-

edies—arguing for example that the suggestion that his client might have a wage payment claim is frivolous because backpay for a period of suspension is not a wage. It *is* a wage, defined in the Wage Payment Act as "any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties." 820 ILCS 115/2. It is much like the salary that one receives during a paid vacation, which is deemed a wage even though one is not working during that period. 820 ILCS 115/5; *Daniels v. Board of Education*, 661 N.E.2d 468, 471 (Ill. App. 1996); *Prettyman v. Commonwealth Edison Co.*, 653 N.E.2d 65, 68 (Ill. App. 1995). It is also much like severance pay, which one receives after leaving the defendant's employment altogether. *Anderson v. First American Group of Cos.*, 818 N.E.2d 743, 745-46, 748 (Ill. App. 2004).

The plaintiff argues that a remedy effective only after the deprivation of property has occurred satisfies due process of law only if the deprivation was "random and unauthorized," and here it was systematic—it was pursuant to the sheriff's unbending policy of deducting backpay for procedural delays that are due to the motions for continuances made or acquiesced in by the employee, and the sheriff was the authorized policymaker for the employees in his office. But the plaintiff overreads the cases that recite the quoted formula. E.g., *Parratt v. Taylor*, 451 U.S. 527, 541-43 (1981); *Albright v. Oliver*, 510 U.S. 266, 283-84 (1994) (concurring opinion); *Peña v. Mattox*, 84 F.3d 894, 902 (7th Cir. 1996); *Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992); *Carcamo v. Miami-Dade County*, 375 F.3d 1104, 1105 (11th Cir. 2004) (per curiam). She is not complaining that she was *suspended* from her job without due process. The deprivation of which she complains occurred when, in reaction to the Merit Board's curtailment of the suspension, the sheriff refused to give her backpay for the part of the "excess"

suspension that was due to continuances that she had requested or consented to. The constitutional right to a hearing before an entitlement is denied is designed to protect the plaintiff's interest "in the uninterrupted receipt of his source of income pending final administrative decision on his claim." *Mathews v. Eldridge*, 424 U.S. 319, 340 (1976). In other words, like preliminary relief generally, it is intended to preserve the status quo. The plaintiff's claim for backpay didn't arise until the status quo was restored, that is, until she was reinstated; for it was only then that it was determined that she should have been reinstated earlier and therefore was entitled to backpay.

Moreover, we have difficulty understanding what predeprivation process she envisages if the deprivation consisted of the sheriff's refusing, upon her reinstatement, to give her all the backpay she wanted. Does she think the sheriff should have given her a hearing at which she could have challenged his policy on backpay? That would have been a futility. What she needed and got was the right to seek relief against his action, and she had that by virtue of the Wage Payment Act and the mandamus statute.

Nor does it make a lot of sense to say that when a postdeprivation hearing is not only feasible but will give the deprived individual a completely adequate remedy, as is true in this case, due process requires a right to a predeprivation hearing as well. Such a rigid approach would be inconsistent with the spirit, at least, of the sliding-scale approach of *Mathews*, which requires comparison of the costs and benefits of alternative remedial mechanisms. 424 U.S. at 332-35; see also *Hamdi v. Rumsfeld*, 124 S.Ct. 2633, 2646 (2004) (plurality opinion); *Swank v. Smart*, 898 F.2d 1247, 1255-56 (7th Cir. 1990); *Mayo v. Lane*, 867 F.2d 374, 384 (7th Cir. 1989) (concurring opinion); *Kapps v. Wing*, 404 F.3d 105, 118 (2d Cir. 2005); *Graham v. City of Philadelphia*, 402

F.3d 139, 145-46 (3d Cir. 2005). In a variety of cases not limited to ones in which the seizure is random and unauthorized, predeprivation process has not been required. E.g., *Zinermon v. Burch*, 494 U.S. 113, 128 (1990); *Memphis Light, Gas & Water Division v. Craft*, 436 U.S. 1, 19-20 (1978); *Ingraham v. Wright*, 430 U.S. 651, 682 (1977); *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 678-80 (1974); *Wall v. City of Brookfield*, 406 F.3d 458, 460 (7th Cir. 2005); *Porter v. DiBlasio*, 93 F.3d 301, 305-06 (7th Cir. 1996); *Sutton v. City of Milwaukee*, 672 F.2d 644, 647 (7th Cir. 1982); *Weinberg v. Whatcom County*, 241 F.3d 746, 753-54 (9th Cir. 2001). Suppose that in some class of case, predeprivation hearings though feasible are very costly, and the state decides to split the cost savings from eliminating such hearings by awarding plaintiffs more money in a postdeprivation hearing than they would be entitled to in a predeprivation hearing. It seems to us (though we cannot find a case on the point) that the postdeprivation hearing would satisfy the requirements of due process of law; and this is only a little less obvious if the postdeprivation remedy is as generous as, rather than more generous than, the predeprivation one.

AFFIRMED.

A true Copy:

    Teste:

                    _____

                    *Clerk of the United States Court of Appeals for the Seventh Circuit*