[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-13122
Non-Argument Calendar

_____

D.C. Docket No. 7:13-cv-00163-HL-TQL

GREGORY ALLEN MINES,

Plaintiff - Appellant,

versus

ANTHONY BARBER, ET AL.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(April 28, 2015)

Before WILLIAM PRYOR, JORDAN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Gregory Allen Mines, a Georgia prisoner proceeding *pro se*, appeals the

district court's order dismissing his 42 U.S.C. § 1983 complaint pursuant to 28

U.S.C. § 1915A(a). Mr. Mines alleges in his complaint that officers from the Valdosta State Prison Correctional Emergency Response Team seized his Green Dot account numbers[1] during an administrative search of his prison cell and transferred funds from his Green Dot account to Pay Pal accounts. Mr. Mines alleged in his complaint that the officers' conduct violated his Fourteenth Amendment procedural due process rights and constituted cruel and unusual punishment under the Eighth Amendment. He also asserted claims for conversion and gross negligence under Georgia law.

Upon conducting a § 1915A(a) review of Mr. Mines' amended complaint, the district court concluded that Mr. Mines' Fourteenth Amendment and Eighth Amendment claims against the officers failed as a matter of law. Having dismissed Mr. Mines' federal claims, the district court declined to exercise supplemental jurisdiction over his state law claims and dismissed those claims without prejudice.

On appeal, Mr. Mines argues that the district court erred in dismissing his federal claims and abused its discretion in declining to exercise supplemental jurisdiction over his state law claims. After reviewing Mr. Mines' brief and the record, we affirm.[2]

---

[1] Green Dot cards are reloadable, pre-paid cards that look and work like credit or debit cards.

[2] Mr. Mines also asserts that the existing grievance process in Georgia was inadequate to obtain monetary damages. This issue, however, has been abandoned. Although Mr. Mines raised the issue in the beginning of his brief, he failed to later discuss or address it. *See Bayro v. Reno*, 142 F.3d 1377, 1379 (11th Cir. 1998) ("[T]he law is settled that, when a party lists an issue for appellate review but does not discuss that question in their argument, they have abandoned it.").

**I**

We review a district court's dismissal of a prisoner's complaint for failure to state a claim for relief under § 1915A *de novo*. *Harden v. Pataki*, 320 F.3d 1289, 1292 (11th Cir. 2003). To state a claim for relief, a complaint must allege sufficient facts for the claim to be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When reviewing a complaint, we accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011). We also construe *pro se* pleadings liberally. *Id.*

**A**

To successfully assert a Fourteenth Amendment procedural due process claim under § 1983, a plaintiff must establish that (1) the defendant deprived him of a liberty or property interest protected by the Constitution; (2) the deprivation occurred under color of state law; and (3) he was not provided with constitutionally adequate process to redress the harm. *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003). As Mr. Mines cannot establish the lack of an adequate process to redress his harm, his claim fails as a matter of law.

Generally, under the Due Process Clause of the Fourteenth Amendment, the government must provide an individual with notice and an opportunity to be heard before seizing his property. *Reams v. Irvin*, 561 F.3d 1258, 1263 (11th Cir. 2009).

3

But, "a random and unauthorized deprivation does not violate procedural due process if the state provides an adequate post-deprivation remedy." *Carcamo v. Miami-Dade Cnty.*, 375 F.3d 1104, 1105 (11th Cir. 2004).

Mr. Mines alleges that the officers unlawfully seized his Green Dot account numbers and transferred his account funds to Pay Pal accounts. His due process claim fails, however, because he was able to file a grievance with the prison and he has an adequate post-deprivation remedy available under state law—a state-law claim for conversion. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that intentional deprivations do not violate the Due Process Clause if adequate state post-deprivation remedies are available). We have long explained that the seizure of an individual's property does not give rise to liability under § 1983 "if a meaningful post-deprivation remedy for the loss is available." *Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991).

We have previously recognized that a civil cause of action for wrongful conversion provides an adequate post-deprivation remedy, *Case v. Eslinger*, 555 F.3d 1317, 1331 (11th Cir. 2009), and here Georgia law provides a cause of action in tort for wrongful deprivation of personal property. *See* Ga. Code Ann. § 51-10-1. Mr. Mines can, therefore, sue the officers for conversion of his property. *Byrd v. Stewart*, 811 F.2d 554, 555 n.1 (11th Cir. 1987). The district court, therefore, did not err in concluding that Mr. Mines' due process claim failed as a matter of law.

**B**

To state a valid Eight Amendment claim, an inmate must allege a condition sufficiently extreme to pose an unreasonable risk of serious harm to his health or safety. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). Generally, prison conditions only rise to an Eight Amendment violation if they "involve the wanton and unnecessary infliction of pain." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). "[T]he Eight Amendment[, moreover,] does not apply to every deprivation, or even every unnecessary deprivation suffered by a prisoner, but *only* that narrow class of deprivations involving 'serious' injury inflicted by prison officials acting with the culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 860 (1994) (emphasis in original).

Mr. Mines fails to meet this standard. He alleges that the officers intentionally harassed him in order to seize and convert his Green Dot accounts. Construing the complaint liberally, Mr. Mines alleges that the seizure lacked penological justification, but he does not allege that the seizure caused him physical pain or created an unreasonable risk to his health or safety. As a result, he did not assert a cognizable Eight Amendment claim, and the district court did not err in dismissing his that claim.

5

## II

Finally, Mr. Mines argues that the district court erred when it refused to exercise supplemental jurisdiction over his state law claims. "We review a district court's decision not to exercise supplemental jurisdiction for abuse of discretion." *Parker v. Scrap Metal Processors, Inc*., 468 F.3d 733, 738 (11th Cir. 2006). A district court can exercise supplemental jurisdiction over all state claims that arise from a common nucleus of operative facts with a substantial federal claim. *Id.* at 743. A district court, however, can decline to exercise supplemental jurisdiction when all claims over which it had original jurisdiction have been dismissed. 28 U.S.C. § 1367(c)(3); *McCoy v. Webster*, 47 F.3d 404, 408 (11th Cir. 1995).

As we conclude that the district court properly dismissed Mr. Mines' federal claims, we find that the district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Mr. Mines' state law claims. Simply stated, the district court had the authority to decline supplemental jurisdiction over Mr. Mines' state claims. 28 U.S.C. § 1367(c)(3).

## III

The district court's order dismissing Mr. Mines' amended complaint is affirmed.

**AFFIRMED**.

6