NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0216n.06

No. 19-3766

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Apr 16, 2020
DEBORAH S. HUNT, Clerk

DAVID M. COOK, JR.,                          )
                                             )
        Plaintiff-Appellant,                 )
                                             )   ON APPEAL FROM THE UNITED
v.                                           )   STATES DISTRICT COURT FOR
                                             )   THE NORTHERN DISTRICT OF
LAURA TAKACS, et al.,                        )   OHIO
                                             )
        Defendants-Appellees.                )

BEFORE: BATCHELDER, GIBBONS, and SUTTON, Circuit Judges.

PER CURIAM. David M. Cook, Jr., appeals the district court's decision granting summary judgment in favor of the defendants on his procedural due process claim. As set forth below, we **AFFIRM**.

On Saturday, August 18, 2018, Cook went to sleep, forgetting that he had left his dog outside. Early the next morning, City of Middleburg Heights Animal Control Officer Laura Takacs received a call that a dog was running at large and sent her emergency assistant to pick up the dog. Takacs later learned that the unlicensed dog belonged to Cook. At the kennel, Takacs observed that the dog's behavior was "extremely skittish and extraordinarily fearful." R. 44-3 at 1. Takacs had the dog examined by a veterinarian. The dog appeared healthy except for her fearful behavior, marks around her rear and vaginal area, and ears that "appeared to be a home crop job." *Id.* at 2. In the meantime, Takacs received several anonymous calls from Cook's neighbors expressing concern for the dog's safety. The law director, who had also received complaints from

neighbors about Cook's treatment of his dogs, instructed Takacs to keep the dog pending an investigation. The city prosecutor subsequently decided to cite Cook. On August 21, 2018, Takacs handed Cook two misdemeanor citations: (1) a citation for animal at large in violation of Middleburg Heights Ordinance § 618.02(a) with a violation date of August 18, 2018, and a court date of September 5, 2018, and (2) a citation for animal cruelty in violation of Middleburg Heights Ordinance § 618.05(a)(1) with a violation date of August 18, 2018, and no court date. On August 25, 2018, Cook received, by certified mail, citations for the same offenses but with a different court date. On September 5, 2018, Cook appeared at the Middleburg Heights Mayor's Court, where the charges were dismissed. The dog was released to Cook that same day.

Cook filed a civil rights complaint under 42 U.S.C. § 1983 against Takacs and her supervisor Rose Volpe, in their individual and official capacities, and against the City of Middleburg Heights. Seeking injunctive and declaratory relief as well as damages, Cook alleged that the defendants unreasonably seized his dog in violation of the Fourth Amendment and the Ohio Constitution, that the defendants deprived him of his property in violation of his right to due process under the Fourteenth Amendment, that Middleburg Heights Ordinances § 618.02 and § 618.05 were unconstitutional both facially and as applied, that Middleburg Heights Ordinance § 618.02 was preempted by Ohio Revised Code § 955.12, and that the City of Middleburg Heights was liable for the violations of his constitutional rights under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). The defendants and Cook filed motions for summary judgment. Granting the defendants' motion and denying Cook's motion, the district court concluded that no constitutional violation occurred; that, even if a constitutional violation occurred, Takacs and Volpe were entitled to qualified immunity; and that the ordinances were neither unconstitutional nor preempted by Ohio law.

This timely appeal followed.  On appeal, Cook argues (1) that the district court should have granted summary judgment in his favor on his claim that the defendants violated his right to due process under the Fourteenth Amendment and (2) that the district court should not have found that Takacs and Volpe were entitled to qualified immunity.

We review the district court's summary judgment ruling de novo.  *See Winkler v. Madison Cty.*, 893 F.3d 877, 890 (6th Cir. 2018).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

Cook challenges the district court's summary judgment ruling only as to his claim that the defendants violated his right to due process.  "To establish a procedural due process claim, a plaintiff must show (1) the existence of a protected property interest at issue, (2) a deprivation of that protected property interest, and (3) that he or she was not afforded adequate procedures." *Paterek v. Village of Armada*, 801 F.3d 630, 649 (6th Cir. 2015).

Cook argues that he had a protected interest in receiving the process set forth under Ohio Revised Code § 959.132 for seizure and impoundment of companion animals.  When an officer seizes and impounds a companion animal that the officer has probable cause to believe is the subject of an animal cruelty offense, the officer must give written notice of the seizure and impoundment to the owner; that notice must "include a statement that a hearing will be held not later than ten days after the notice is provided or at the next available court date to determine whether the officer had probable cause to seize the companion animal."  Ohio Rev. Code § 959.132(C).  The court must hold a probable cause hearing "[n]ot later than ten days after notice is provided or at the next available court date."  *Id.* § 959.132(E)(1).  Cook contends that he had a "claim of entitlement" to a probable cause hearing under Ohio Revised Code § 959.132 and that he was deprived of such a hearing.

"But the Supreme Court has rejected the notion that an interest in process itself warrants process, holding that 'an expectation of receiving process is not, without more,' an 'interest protected by the Due Process Clause.'" *Phillips v. McCollom*, 788 F.3d 650, 653 (6th Cir. 2015) (quoting *Olim v. Wakinekona*, 461 U.S. 238, 250 n.12 (1983)). "Process is not an end in itself," but a means "to protect a substantive interest to which the individual has a legitimate claim of entitlement." *Olim*, 461 U.S. at 250. "To rule otherwise creates this tail-chasing dilemma: 'If a right to a hearing is a [protected] interest, and if due process accords the right to a hearing, then one has interpreted the Fourteenth Amendment to mean that the state may not deprive a person of a hearing without providing him with a hearing.'" *Phillips*, 788 F.3d at 653-54 (quoting *Levin v. Childers*, 101 F.3d 44, 46 (6th Cir. 1996)).

Although Cook did not have a protected interest in a probable cause hearing under Ohio Revised Code § 959.132, he did have a protected property interest in his dog. *See O'Neill v. Louisville/Jefferson Cty. Metro Gov't*, 662 F.3d 723, 733 (6th Cir. 2011). Cook was temporarily deprived of that interest for eighteen days until the charges against him were dismissed and his dog was released to him.

"[O]nce it is determined that the Due Process Clause applies, 'the question remains what process is due.'" *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)). Cook contends that he was due the process set forth under Ohio Revised Code § 959.132—that is, he was entitled to a probable cause hearing within ten days of his dog's seizure. However, "the question regarding 'what process is due' is not answered by state law or local ordinances but by constitutional benchmarks." *Chandler v. Village of Chagrin Falls*, 296 F. App'x 463, 471 (6th Cir. 2008) (quoting *Loudermill*, 470 U.S. at 541-42)).

"The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). Because "due process is flexible and calls for such procedural protections as the particular situation demands," *Morrissey*, 408 U.S. at 481, we balance the following factors to determine what process is due:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335.

Applying the *Mathews* balancing test, we conclude that the temporary seizure and impoundment of Cook's dog did not violate due process. Although Cook has a substantial interest in his pet, *see O'Neill*, 662 F.3d at 733, he was not totally deprived of his property as the dog was returned to him after eighteen days. *See United Pet Supply, Inc. v. City of Chattanooga*, 768 F.3d 464, 486 (6th Cir. 2014); *Wall v. City of Brookfield*, 406 F.3d 458, 460 (7th Cir. 2005) ("[T]he temporary deprivation of property of slight value requires only modest process, consistently with the sliding scale approach of *Mathews v. Eldridge* . . . ."). There is a strong governmental interest in being able to seize and impound animals that may be in imminent danger of harm. *See United Pet Supply, Inc.*, 768 F.3d at 487. The risk of an erroneous deprivation through the procedures used was slight. A pre-seizure hearing was not feasible because Cook's dog was picked up on the street. *See Wall*, 406 F.3d at 460. Within two days of his dog's seizure, Cook received notice of the seizure, the charges against him, and the court date. Cook asserts that a criminal arraignment does not offer a meaningful opportunity to be heard on the merits of his dog's seizure. Cook could have pleaded not guilty to the violations of the local ordinances at his initial court appearance and

proceeded to a trial on the merits. Instead, the charges were dismissed and his dog was returned to him.

Under these circumstances, the temporary seizure and impoundment of Cook's dog did not violate due process. Because there was no due process violation, we need not address Cook's qualified immunity argument. *See Chappell v. City of Cleveland*, 585 F.3d 901, 916 (6th Cir. 2009).

For these reasons, we **AFFIRM** the district court's judgment.